*New-London, July, 1845.*

Brown
*v.*
Wheeler.

---

## KINNEY *against* FARNSWORTH.

Where a person, by his acts or declarations, designedly induces another to alter, injuriously to himself, his previous position, such acts or declarations constitute an estoppel *in pais* against the former, which, as between him and the latter, will operate as effectually as a technical estoppel by deed or record.

But ordinary, casual declarations or admissions, not made for the purpose of inducing any specific action, and on the faith of which no one has been misled, are not conclusive in their character, being entitled to have such weight only attached to them, as, under all the circumstances attending them, they fairly deserve, in the estimation of the triers.

New-London,
July, 1845.

Kinney
v.
Farnsworth.

In this state, general reputation is admissible for the purpose of showing not only public boundaries, but also the boundaries of lands of individual proprietors.

But where the plaintiff in an action of trespass *qu. cl. fr.* wherein the boundary between his land on the *East* and the defendant's on the *West* was in controversy, offered in evidence the finding on a former bill in chancery, which, being between other parties, regarding a matter not in issue between those parties and not necessary to uphold the decree, was not claimed as direct evidence of the extent of the plaintiff's land on the *West,* but only as showing general reputation on that point; and on examination of such finding, it did not appear to amount to a description of the boundary in question; it was held, that such evidence was not admissible for any purpose.

THIS was an action of trespass *quare clausum fregit,* the *locus in quo* being a strip of land, used as a passage-way, running from *Main* street in the city of *Norwich* up to *Church* street, between the *Merchants' Hotel* on the *East,* and the defendant's dwelling-house on the *West.*

The cause was tried at *Norwich, March* term 1845, before *Storrs,* J.

The plaintiff claimed title to said passage-way and the land adjoining *East* thereof, by virtue of certain deeds of conveyance shown by him. He also claimed title to the passage-way, by virtue of his possession and use thereof, for a period of more than fifteen years. The plaintiff's claim of title to the passage-way being denied and repelled by the defendant, the plaintiff, for the purpose of establishing it, gave in evidence, deeds from *John* and *Hannah Tyler* to *William Davison,* from *Benjamin Snow* and *Hannah Davison* to *Barzillai Davison,* from *Barzillai Davison* to *Erastus Davison,* and from *Nancy Davison* and others, administrators of *Erastus Davison,* to *Eunice Farnsworth,* the wife of the defendant, under which he, in her right, derived title to the lot on which his dwelling-house stands. The defendant then introduced evidence tending to prove, that the title to the land lying next *East* of his lot was not in the proprietors of the hotel lot, at the date of the deed from *Benjamin Snow* and *Hannah Davison* to *Barzillai Davison,* but was vested in one *Holden,* or his heirs; whereupon the plaintiff introduced *Nathaniel Champlin* as a witness, by whom he claimed to have proved, that between the years 1804 and 1807, and after the date of the deed referred to, *Barzillai Davison* employed the witness to build for him a fence, running in a *Northerly*

and *Southerly* direction, on the property conveyed to him by said deed, which he was then in possession of under said deed; and that *Barzillai Davison*, while the witness was so building said fence, declared to him, that the line of said fence, as he was then building it, was the *East* boundary of his (*B. Davison's*) land, and that the land adjoining *East* of the fence, was the property of the plaintiff. The plaintiff then claimed, and prayed the court to instruct the jury, that if they should find, that *Barzillai Davison* made said declaration, the defendant, claiming title under said deeds, was now estopped, by said declaration, in connexion with the description of the land in the deed from *B. Snow* and *H. Davison* to *B. Davison*, from denying that the land *East* of and adjoining to the defendant's lot, was, at the date of the last-mentioned deed, the property of the plaintiff, or from proving it to be the property of *Holden*, or his heirs. The court did not so charge the jury.

The deeds under which the plaintiff claimed title to the *locus in quo* and the land adjoining thereto *East* thereof, were the following, *viz.* a deed from *Erastus Perkins* to *Joseph Howland* and others, a deed from *Barzillai Davison* to *Joseph Howland* and others, and a deed from *Joseph Howland* and others to the plaintiff. The plaintiff claimed, that the last-mentioned deed embraced and conveyed the *locus in quo* and the adjoining land on the *East;* that the deed from *Erastus Perkins* embraced and conveyed the *East* part, and the deed from *B. Davison* the *West* part, of that land. The plaintiff then offered in evidence the record of the superior court for the county of *New-London*, at the term thereof holden in *January* 1803, in a suit in chancery brought by *Joseph Howland* and others against *Benjamin Ames* and others; it being admitted by the parties, that the piece of land described in that bill, was the same piece of land embraced in and conveyed by said deed from *Erastus Perkins* to *Joseph Howland* and others; and that the piece of land mentioned in the report of the committee in said suit as having been bought by said *Howland* and others of *Barzillai Davison*, was the piece of land embraced in and conveyed by said deed from *Barzillai Davison* to *Joseph Howland* and others. (*a*)

*New-London,* July, 1845.

Kinney
*v.*
Farnsworth.

(*a*) A particular statement of the case referred to does not seem to be necessary for the purposes of the present case. It may be sufficient to say, that certain persons having voluntarily associated themselves for the purpose of pur-

And the plaintiff claimed, that as the defendant derived title to his lot through *Barzillai Davison,* one of the defendants in that suit, the decree therein was evidence against the defendant in this suit, as to the title of the plaintiff derived from the hotel proprietors, who were the parties to that suit, to the lands lying *West* of the land embraced in and conveyed by said deed from *Erastus Perkins* to such proprietors, though not embraced in said bill ; and also to prove, that the land conveyed by said deed from *Barzillai Davison* to *J. Howland* and others extended *Westerly* to and adjoined the land of the defendant. The defendant objected to the admission of this record in evidence ; and the court refused to receive it as evidence for the plaintiff under his claim.

After the plaintiff had given evidence of certain acts committed by the defendant on the *locus in quo,* which the plaintiff claimed to be acts of trespass, the defendant claimed that those acts were done, in the removal of a nuisance created by the plaintiff ; and the court charged the jury, that if they should find the facts claimed by the defendant, as to the existence of the nuisance, he was justified in doing the acts complained of, so far as they were necessary to abate and remove such nuisance.

The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial.

*Rockwell* and *Foster,* in support of the motion, contended, 1. That the declaration of *Barzillai Davison,* while he was

chasing a lot in *Chelsea* society in *Norwich,* and erecting thereon a large and convenient building, to be used as a public house of entertainment, they divided their interest therein into 104 shares of 100 dollars each, and appointed agents to carry into effect the objects of the association. These agents afterwards brought a bill in chancery against the other share-holders, among whom were the present plaintiff and *Barzillai Davison,* to obtain a reimbursement of their expenditures. The court appointed a committee to find the facts, who made a report, giving a statement in detail of the proceedings of the agents; which report was accepted, and a decree was passed thereon in favour of the plaintiffs. The only part of the finding at present material, is the following : " That the petitioners purchased of *Barzillai Davison,* for the accommodation of said hotel, a lot of land, abutting *Easterly* on land bought of *Erastus Perkins ; Southerly,* about 40 feet, on the *Second* street, so called [now *Main* street ;] *Westerly* on a lot of land belonging to the Rev. *John Tyler ;* and *Northerly,* abutting about 40 feet, on the *Third* street, so called, [now *Church* street ;] containing about 20 rods of land."

New-London,
July, 1845.

Kinney
v.
Farnsworth.

in possession of the land, under his deed from *Benjamin Snow* and *Hannah Davison*, as to the boundary line, *viz.* that it was the same as the line of the fence then being built, and that the land adjoining *East* of the fence, was the property of the present plaintiff, estopped *Barzillai Davison* from claiming title to any land *East* of the fence. *Downs* v. *Cooper*, 2 *Ad. & El. N. S.* 256. (42 *E. L. C.* 663.) *Foster* v. *Newland*, 21 *Wend.* 94. *Presbyterian Congregation of Salem* v. *Williams*, 9 *Wend.* 147. *Welland Canal Company* v. *Hathaway*, 8 *Wend.* 480. 483. & seq. *Holbrook* v. *Burt*, 22 *Pick.* 546. *Phil. Ev.* 200. (*Cow. & Hill's* ed.)

2. That as the defendant claims title under *Barzillai Davison*, the same estoppel is applicable to him. Estoppels bind privies in estate, as well as principals.

3. That the finding of the committee in chancery was evidence of *reputation* regarding the boundary in question. It showed what judicious men found to be true and solemnly declared, on this subject, forty years ago. It is much safer than the heedless talk of garrulous old men, which is generally introduced to prove reputation. *Higley* v. *Bidwell*, 9 *Conn. R.* 447. 451. 1 *Sw. Dig.* 766. 1 *Stark. Ev.* 243,4. *Howell's lessee* v. *Tilden*, 1 *Har. & McHen.* 84. *Ridding's lessee* v. *McCubbin*, *Id.* 368.

*G. Perkins*, contra, contended, 1. That the declaration of one of two adjoining proprietors of lands, respecting the divisional line between them, cannot estop him, or any one in privity with him, from claiming title to land held by the other proprietor beyond that line. No case can be found in which such a declaration has been held to be an estoppel. In the first place, every estoppel must be reciprocal; and if such declaration estopped the party making it from claiming beyond that line, it would confirm his title to that line, at least as between him and the other party. But it would be absurd to claim that the latter is thus estopped. Secondly, if it did thus estop the party making it from claiming beyond the line, it certainly could not preclude him from offering proof that a third person had title the other side of the line; otherwise title to lands could be created and transferred by parol. Thirdly, even where a dividing line of boundary between adjacent proprietors, is by them agreed upon, and possession

*New-London,*
July, 1845.
———
Kinney
*v.*
Farnsworth.

had accordingly, such agreement and occupancy, without other circumstances, do not create an estoppel to either party from claiming beyond that line. *Brewer* v. *Boston and Worcester Rail-Road Corp.* 478. 483,4. *Boston & Worcester Rail-Road Corp.* v. *Sparhawk, Id.* 469. *Tolman* v. *Sparhawk, Id.* 475. 477. *Adams* v. *Rockwell,* 16 *Wend.* 285. 310.

2. That the record offered in evidence by the plaintiff, was not admissible for the purpose for which it was offered. The fact to prove which it was offered, was not alleged in the bill, nor put in issue by the pleadings; nor was it necessary to support the decree; and further, it was between different parties. It was not only not conclusive, but was not admissible as evidence of any sort, or for any purpose, to go to the jury. *Ryer* v. *Atwater,* 4 *Day* 431. *Watson* v. *Churchill,* 5 *Day* 256. 259. *Abbe* v. *Goodwin,* 7 *Conn. R.* 377. 383. *Fairman* v. *Bacon,* 8 *Conn. R.* 418. 425. In *Hotchkiss* v. *Nichols,* 3 *Day* 138. it was decided, that a decree in chancery finding an *immaterial* fact, (and such was the fact in question,) is not admissible in a subsequent suit at law, even between the same parties, to prove such fact.

3. That a private nuisance may be abated, by the person to whom it is a nuisance, even though he be obliged to go upon the land of him who created the nuisance. 3 *Bla. Com.* 5. 1 *Sw. Dig.* 462.

*Strong,* on the same side, was stopped by the court.

STORRS, J. The defendant, being the owner of the lot of land *West* of and adjoining the place where the alleged trespass was committed, and claiming title to the same remotely, under *Barzillai Davison,* the former owner, by a deed from his administrators, which described it as bounded *East* on those under whom the plaintiff claimed title to said *locus in quo,* and the defendant having claimed on the trial, that the title to said *locus* was, when said deed was executed, in one *Holden* or his heirs, and not in the plaintiff or his grantors, the plaintiff adduced in evidence the declaration of the said *Barzillai,* while in possession of his said lot, made to one *Champlin,* a witness, who was then in the employment of said *Barzillai,* erecting a fence for him on his said lot, that the said fence was on the line of his the said *Barzillai's* said lot, and

New-London,
July, 1845.

Kinney
v.
Farnsworth.

that the land adjoining *East* belonged to the plaintiff or his grantors; and the plaintiff claims, not only that said declaration was admissible to prove that he or his grantor then owned the said land next *East* of the defendant's, but that it was conclusive on the defendant, and estopped him from claiming the contrary; and that the court below erred in not so instructing the jury.

The only ground on which it is claimed, that the acceptance of said deed by *Barzillai Davison*, or his declaration to *Champlin* in connexion with it, has the effect of precluding the defendant from denying the ordinary inference derived from these admissions, is, that they constitute what is termed an *estoppel in pais*. Admissions, whether by acts or declarations, which come under that denomination, consist of those, on the faith of which, a person, properly relying upon them, has been induced, by the party making them, to act differently from what presumptively he otherwise would have done. Having been the means designedly of leading others to a particular course of action, they cannot afterwards be conscientiously retracted, by the one who made them ; and to permit him to do so, would enable him to perpetrate a fraud upon the person whom he has induced to place confidence in them, and to act on the strength of that confidence. When, therefore, the validity of the acts so done on the faith of such admissions come in question, the party making them is held to be precluded, as between him and the party thus acting, from disputing their truth. He is estopped, by such admissions, as effectually as he would have been, by a technical estoppel by deed or record. This doctrine is founded on the plainest principles of morality and justice. We would refer, on this subject, to the opinion of this court in *Brown* v. *Wheeler*, *ante* 346. decided at the present term, where the rule is very fully illustrated, and applied. See also 2 *Phill. Ev.* by *Cowen, p.* 200. *note* 192. But ordinary, casual declarations or admissions, not made for the purpose of inducing any specific action, and on the faith of which no one has been misled, stand on a different ground. They are not conclusive in their character, but are to have such weight only attached to them, as, under all the circumstances attending them, they fairly deserve, in the estimation of the triers. And those circumstances may be shown, in order either to add to or diminish

their weight. They may be explained or contradicted; and even if unexplained or uncontradicted, are not necessarily conclusive, but are to be estimated at what they are worth. Tested by these familiar principles, it is quite plain, that there was nothing conclusive in the nature of the admissions in question. The act of *Barzillai Davison* in receiving a deed of land, describing it as adjoining on the land of those under whom the plaintiff claims, took place in the course of a transaction not even between *Davison* and the plaintiff's grantors, but between him and others, although if it were otherwise, it is not perceived that it would make any difference ; and it is obvious, that it was not designed to be, and indeed that it could not properly be, the ground of any particular course of conduct on the part of the plaintiff's grantors, who therefore could not acquire any thing by it. As to the declaration made by *Davison* to *Champlin,* the latter was not acting as the agent of the plaintiff's grantors, nor in their service ;—it does not appear that it was ever known to the plaintiff, or his grantors, until the trial ;—and the transaction which gave rise to it, was one in which *Davison* was solely interested, and to which no other person was a party. It was not a declaration on the faith of which the plaintiff, or those under whom he claims, if it had been known to them, could justly or properly make it the basis of any particular course of conduct on their part. Nor have these admissions conjointly any more conclusive effect, than when viewed separately. In short, they fall within the class before-mentioned of ordinary, casual, parol admissions, which, although admissible in evidence against the party making them, for what they are worth, are not conclusive, but may be explained or contradicted. As such, the plaintiff had the benefit of them, on the trial.

It is next claimed by the plaintiff, that the court below ought to have admitted the record offered by him in evidence, as proof of the extent of his land on the *West.* That record is not claimed as evidence of the fact it was offered to prove, on the ground that it was a case between the same parties as those in the present suit, or their privies ; since it is conceded, that the parties to that record are not affected by it, as a finding of that fact, for the reason that it was a fact not averred in that case, not therefore in issue between the parties, and not necessary to uphold that decree. The only ground on

*New-London,*
July, 1845.

Kinney
*v.*
Farnsworth.

which the plaintiff insists, that it was admissible, is, that it constituted evidence of *reputation* as to the location of his *Western* boundary ; for that that part of the report of the committee, contained in the record, which speaks of the purchase of the piece of land by the petitioners in that case on the 10th day of *April,* 1799, is a description of such land by the committee as then " abutting *Westerly* on the lot of land belonging to the Rev. *John Tyler,*" (which is confessedly the land now owned by the defendant in this case,) and therefore showed that the land of the plaintiff was generally called and reputed to be adjacent on the *West* to that of the defendant.

Within whatever limits the rule of evidence as to the admissibility of reputation on questions of boundary, is restricted elsewhere, it is well settled in this state, that general reputation is admissible for the purpose of showing not only public boundaries, such as those between towns, societies, parishes, and other public territorial divisions, but also the boundaries of lands of individual proprietors. *Higley* v. *Bidwell,* 9 *Conn. R.* 447. *Wooster* v. *Butler,* 13 *Conn. R.* 309. 1 *Swift's Dig.* 766. 2 *Phill. Ev. by Cowen,* 633. *note* 477. But we are of opinion that the finding of the committee in the record offered in this case, did not furnish evidence of that description as to the boundary in question. On an examination of it, it will appear, that it does not amount to a description by the committee of that boundary. It states really nothing more than that the petitioners received a conveyance of a piece of land, in which it was described as being bounded *West* on that of the defendant, and refers to such conveyance or the registry of it. To that conveyance or registry recourse could and should have been had, if it became important to show that it furnished the reputed boundaries of the land in question. The assertion of the committee in their report, that that conveyance contained a particular description of the land, was not legitimate evidence of that fact, and would not stand on any other ground than ordinary hearsay evidence. If it was proved by proper evidence, that it contained such a description, that description, although in the nature of hearsay, might, however, as evidence of reputation, be admissible. But the deed itself is the best and proper evidence of its contents. The record offered was, therefore, properly excluded.

*New-London,*
*July, 1845.*

Kinney
*v.*
Farnsworth.

In this view of the case, it is unnecessary to inquire whether, if that committee had found, that the lands of the parties adjoined, their report would have been admissible under the rule which allows reputation to be given in evidence on a question of boundary.

A new trial is not advised.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial not to be granted.