## LANEY *v.* LANEY and Others.

As a general proposition, a party who has expressly or by his acts waived his title to property, will be estopped from asserting it against a party who has invested money on the faith of such waiver.

Where the allegations in a bill are general and indefinite, but sufficient to make it substantially good, and the decree is to be made on the bill without an answer, it is as much the duty of the chancellor to require proof

May Term,
1853.

Laney
v.
Laney.

reducing the matters alleged to certainty, as· it is that of a court of law to award a writ of inquiry to assess the damages upon a general and indefinite declaration.

The evidence in such a case must show that there is ground for the decree, or none can be rendered.

*Saturday,*
*May 28.*

ERROR to the *Parke* Circuit Court.

Perkins, J.—Bill in chancery by the heirs of *Joseph Laney*, deceased, against *Abraham Laney*, praying for an injunction restraining him from asserting title to certain real estate.

Decree for the plaintiffs below on demurrer; which decree was reversed in this Court at the *May* term, 1850. *Laney* v. *Laney*, 2 Ind. R. 196. Subsequently a rehearing was granted, and the cause again submitted to the Court for decision.

The facts stated in the bill are, that on the 3d of *July*, 1833, *Joseph Laney*, the father of the plaintiffs in this bill, was the owner in fee of the east half, &c., containing eighty acres of land; that at the same time he was indebted to *M.* and *W. Robins* in the sum of 40 dollars, to pay which with he possessed nothing, except said piece of land; that to prevent said *Robinses* from selling the land under execution for the purpose of collecting said sum, said *Joseph Laney* conveyed the land by deed in fee to his father, *Abraham Laney*, who had full knowledge of the object of the conveyance, and advised the making of it; that afterwards said *Joseph Laney* paid off said 40 dollar debt to the *Robinses*, and thereupon requested a reconveyance of said land from his father, *Abraham*, who replied to said request, that he had destroyed said deed, and no reconveyance was necessary; whereas, he had not destroyed it, but on the contrary was retaining it in his possession; and afterwards, in 1842, the year in which said *Joseph Laney* died, but before his death and without his knowledge, the said *Abraham* took said deed to the recorder's office, and had the same duly recorded; that said *Abraham* never claimed possession of the land nor the rent of it, but that the same remained in the possession of said *Joseph* till his death in 1842; and that since,

until the filing of this bill, and to the time of trial, in 1848, it had remained in the possession of the plaintiffs, his heirs, the said *Joseph* and said heirs holding it as their own property, paying the taxes and making improvements to the value of 300 dollars, and all this with the knowledge of said *Abraham.* It further alleges that said *Abraham* now claims to be the owner, and to have a right to the possession of said land under said deed.

When this case was decided on the former submission, it was placed on the general and well-settled principle that a conveyance fraudulent as to creditors is good as against the grantor and his heirs; see *Laney* v. *Laney, supra;* and this was the main ground taken in the demurrer to the bill. But it is contended that that principle is not here applicable. It is urged that this case is to be decided by the principle of estoppel; that as *Abraham Laney,* when requested by *Joseph* to reconvey the land, denied claiming it, and declared that he had destroyed the deed, and thereby induced *Joseph* and his heirs to improve it as their own, he is now not to be permitted to assert the contrary.

It is settled, as a general proposition, that a party who has expressly or by his acts, waived his title to property, will be estopped from asserting it against a party who has invested money on the faith of such waiver. *Higginbotham* v. *Burnet,* 5 Johns. Ch. R. 184, and the cases generally in the digests under the head of estoppel by matters *in pais.*

This case may be one falling within the foregoing proposition. The allegations in the bill are very general, and would admit proof of facts making out a case of estoppel against *Abraham Laney.* At the same time it must be admitted, the bill itself, from its general character, leaves the matter in some uncertainty. We should like to have known more particularly the agency of the father in inducing the son to convey to him; the age and capacity of the son; the length of time that elapsed before he paid the *Robinses,* &c.; the character of the improvements he made upon the farm, and also of those

made by the heirs, &c.　These, and other facts, not particularly detailed in the bill, might appear upon a final hearing on the bill, answer, and depositions.　The bill was not objected to below for uncertainty.

Another principle may have some bearing upon this case.　It seems to have been an old doctrine of the maritime law, that if a sailor who had broken his contract, by leaving the service, whereby he forfeited his wages, subsequently, after a space for repentance, returned to his duty, he relieved himself from the effects of the forfeiture, and saved his wages.　This was said to be upon grounds of policy.　See *Coffin* v. *Jenkins*, 3 Story R. 108.　And in Hill on Trustees, the author, in speaking of voluntary conveyances, says:

"Where, however, the purpose contemplated by the deed, though illegal, or such as the Court would not sanction, *is abandoned*, or *not acted upon by the parties*, it seems that the Court will not recognize that purpose as evidence of an intention that the donee should not take beneficially [as a trustee], and on that ground will establish the trust in favor of the grantor; or, at any rate, it will interpose so far as to grant an injunction against suing on the deed at law, until the hearing of the cause."　See pp. 108, 109, 110.　Whether the authorities will support the above position of Mr. *Hill*, we do not say, and we here decide nothing as to this point.　Perhaps, while on the one hand, public policy should compel the man who conveys his property away to defraud his creditors, and adheres to the purpose, to forfeit that property, as against his grantee, on the other, the same policy should encourage a return to honesty by restoring his property to the man who relinquishes his fraudulent purpose and pays up his creditors.　The voluntary grantee could have no ground to complain of such restoration.　But these questions, as has been intimated, will more properly arise for decision in this case, if they shall arise in it at all, when the exact facts appear upon the record.　Now, a decision of them would be upon a mere hypothetical case.

The decree of the Court below must be reversed, and

the cause must go back for another hearing there. That Court erred on the former hearing in proceeding to a final decree without proof. The allegations in the bill, as we have said, are very general and indefinite, but yet such as to make it substantially good; and where such is the fact, and the decree is to be made upon the bill, no answer being filed, it is as much the duty of the chancellor to require proof reducing the matters to certainty, as it is that of a court of law to award a writ of inquiry to assess damages upon a declaration, general and indefinite; and if the proofs furnished do not show that there is ground for a decree in favor of the plaintiff, he can have no final decree in his favor. *Close* v. *Hunt*, 8 Blackf. 254, was a bill to enforce a mechanic's lien for materials furnished. There was a decree below for the plaintiffs. The Supreme Court said: "The decree was rendered upon the statements in the bill without proof. The statement with regard to the times of furnishing the materials is very indefinite. The statement is, that the materials were furnished between the 1st day of *April* and the 1st day of *September*, 1840. This might be true, and still more than a year have elapsed between the delivery of the last lumber furnished and the 10th day of *July*, 1841, when the bill was filed. When the allegations of a bill are uncertain and indefinite, though taken as confessed, no decree should be rendered, unless the uncertainty be removed by evidence. *Pegg* v. *Davis*, 2 Blackf. 281." See, also, *Bowman* v. *Hall*, 2 Ind. R. 206.—*Trimble* v. *White*, *id*. 205.

*Per Curiam.*—The decree is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

*A. L. Roache* and *W. P. Bryant*, for the plaintiff.

*J. A. Wright* and *E. W. McGaughey*, for the defendants.