### LICHTENSTEIN *v.* THE STATE.

The act of 1852 creating the Court of Common Pleas, did not divest the Circuit Court of jurisdiction of cases for retailing spirituous liquors without license.

The criminal act of 1843 (which gave to the Circuit Court jurisdiction of misdemeanors) continued in force until *May* 6, 1853.

There can be no repeal of statutes by implication in doubtful cases.

*Wednesday,*
*May* 31.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—Indictment in the *Cass* Circuit Court for retailing without license. Conviction and fine in that Court, *April,* 1853.

It is contended that the Circuit Court had no jurisdiction. The argument is this. Retailing is a misdemeanor. At the time of the trial of this cause below, the Common Pleas Court had exclusive jurisdiction of this class of offences, as is inferable from the said Common Pleas act and the act for the election of prosecuting attorneys.

We think the argument unsound. We think the jurisdiction of the Circuit Court was concurrent with that of the Common Pleas.

The criminal act in the code of 1843 continued in force till the 6th of *May,* 1853. That act gave Circuit Courts jurisdiction of misdemeanors. The Common Pleas act also gave the Court created by it jurisdiction of misdemeanors, but did not purport to give exclusive jurisdiction; and where one tribunal has jurisdiction of an offence, a law simply giving another tribunal jurisdiction of the same offence, does not necessarily make the jurisdiction of the latter tribunal exclusive, and we think did not in this instance. The rule of construction does not permit repeals by implication in doubtful cases.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt* and *S. C. Taber*, for the appellant.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.