## THE PEOPLE'S SAVINGS BANK AND BUILDING ASSOCIATION vs. JOSEPH N. COLLINS.

An association, organized as a corporation and claiming to be such, made a loan to A, who executed a mortgage to the association as security, in which he described it as a corporation and by its corporate name. A afterwards conveyed the equity of redemption in the mortgaged premises to B, the conveyance being made expressly subject to the above mortgage and B assuming the mortgage debt. B considered the loan to A as usurious, and subject, under the statute with regard to usury, to a large deduction, and, in view of that fact, paid a larger sum for the equity of redemption. At this time and at the time of trial A held sundry shares of stock in the corporation, on which the latter had by law a lien for the mortgage debt. On a bill of foreclosure brought by the corporation against B, it was held :

1. That A, if he had been the party respondent, would have been estopped from denying that the petitioners were a corporation.

2. That B was equally estopped from making such denial.

3. That the estoppel extended, not merely to a general denial of the existence of the corporation, but to a denial of its possession of the special powers conferred upon it by the statute and which had been exercised in making the contract in question.

4. That B could not set up usury in the loan to A, that being a defense wholly personal to A.

5. That B was not entitled to have the stock of A sold by the petitioners and first applied to the reduction of the mortgage debt.

The statute with regard to Savings and Building Associations requires that every association formed under the act shall consist of not less than twenty-five members, and that it shall, before it can acquire a corporate character, deposit with the town clerk " a copy of its articles of association." Whether it is necessary that the copy should contain the names of the members as subscribed to the original articles : *quere.*

The statute (Rev. Stat., tit. 1, § 93,) which provides that a defendant may file an offer to allow judgment to be taken, does not apply to a suit for a foreclosure.

PETITION for a foreclosure. The respondent was the purchaser of the equity of redemption in the mortgaged premises from Smith Collins the original mortgagor. The mortgage was given to secure the following note; the mortgagor having received at the time a loan of that amount from the petitioners. " New Haven, August 31, 1853. On demand, for value received, I promise to pay the People's Savings Bank and Building Association of New Haven, or order, two thousand dollars, with interest, and a bonus of three-fourths ($\frac{3}{4}$) of one per cent. per month, in addition to the interest; both interest and bonus payable monthly in advance at the banking house of said Association. Smith Collins." The mortgage was made to the petitioners by their corporate name and described them as a body politic and corporate. The mortgaged premises were of the value of $3,200. The mortgagor had paid to the petitioners, before conveying the equity of redemption to the respondent, $230 as installments on stock held by him in the association, $250 as interest, and $365 as bonus. The stock was ten shares for which the mortgagor had subscribed at the time of getting the loan and for the purpose of enabling him to get it, upon which the petitioners had by the statute a lien as security for any indebtedness of the mortgagor to them. The respon-

dent, on the 23d of October, 1855, purchased the mortgaged premises, receiving from the mortgagor a warranty deed thereof, which contained a covenant that the land was " free from all incumbrances whatever except a mortgage of $2,000 in favor of the People's Savings Bank and Building Association." Before making the purchase, desiring to ascertain the amount legally due to the petitioners on the note, he applied to legal counsel, who advised him that, upon the principle established by a recent decision of the supreme court, the amount legally due would be $1,385, and believing that to be the whole amount due, he allowed only that amount for the debt, and paid $1,450 for the equity of redemption.

The petition was brought to the September Term of the superior court for New Haven county in the year 1856. At the December term of the court the respondent filed an offer to allow the petitioners to take a decree for the sum of $1,385 and costs. The petitioners claimed a much larger sum to be due.

The respondent by his plea denied that the petitioners were a corporation. It appeared on the trial from the evidence offered by the petitioners for the purpose of proving their corporate character, that the copy of their articles of association left by them with the town clerk and which by the statute they were required to leave before they could become a corporation, did not contain the names of the associates as subscribed to the original articles. The language of the statute is that " such association shall deposit with the town clerk of the town where it is situated, a copy of its articles of association." The respondent claimed that the copy was not complete and legal unless it embraced the names signed to the original.

The respondent also claimed that the loan was usurious, and that under the statute as to usury the petitioners could recover only the principal sum lent after deducting all payments; that the petitioners could recover no costs after the December term, 1856, when the offer to allow judgment was filed; and that the court should decree a sale of the stock and an application of the proceeds to the mortgage debt, so

as to reduce the incumbrance on the real estate. Other questions were made in the case which are unimportant in the result.

The questions arising on the foregoing facts were reserved for the advice of this court.

*Dutton* and *Foster,* for the petitioners.

*Baldwin* and *Cowdrey,* for the respondent.

ELLSWORTH, J. After the argument, we postponed the decision of this case until we should hear the case of *West Winsted Savings and Building Association* v. *Ford,* at Litchfield, which involved the principal questions presented by this case, and was to be argued during the present circuit.* That case we have now heard and decided; and as our reasons are fully given in that decision, and are in the main applicable here, we will not repeat them.

It is true that the respondent here is not a stockholder as was Mr. Ford there; but, in our view, he stands on no better ground for that reason, so far as it respects this mortgage. He is avowedly the purchaser of a mere equity of redemption, and has acquired and paid for nothing more. In the case of *Waterman* v. *Curtis,* (26 Conn., 241,) we held that if a creditor levies upon an equity of redemption, and it is set off to him, he cannot deny or call in question the validity of the prior incumbrance, especially for usury, of which the borrower is the proper person to complain if any one. This is held to be the law in several of our sister states as well as with us. *Green* v. *Kemp,* 13 Mass., 515. *Reading* v. *Weston,* 7 Conn., 409. *Shurfelt* v. *Shurfelt,* 9 Paige, 138. *Dix* v. *Van Wyck,* 2 Hill, 524. *Flanders* v. *Jones,* 10 N. Hamp., 160. *Schermerhorn* v. *American Ins. and Trust Co.,* 14 Barb., 167. *Morris* v. *Floyd,* 5 Barb., 137. *Sands* v. *Church,* 2 Seld., 352. *Brolasky* v. *Miller,* 1 Stock. Ch., 812.

As to marshalling the assets as claimed by the respondent,

* Reported in the present volume, Litchfield County, April Term, 1858—*post.*

we think there is no ground for doing it. The incumbrance was allowed to the respondent in the purchase by a deduction from the consideration, and it became his personal debt to pay. As between the mortgagor and himself he had assumed this debt, and he cannot now ask that the mortgagor's property shall be first taken or applied in payment of it.

The claim for costs after the December term of the superior court cannot be sanctioned. Such a case as this does not come within the terms of the statute.

We advise judgment for the petitioners, for their debt, interest and bonus.

In this opinion the other judges concurred.

Decree for petitioners advised.