THE STATE, on the relation of WEIR, Prosecuting Attorney, &c. *v.* DAWSON and Others.

The mere enactment of a charter for a corporation, does not create the corporation, without an act of acceptance on the part of the persons named in the act as corporators.

The grant of a charter to those who have not applied for it, is a mere offer on the part of the State, and may be withdrawn at any time before it is accepted by the corporators.

If the charter of the *Fort Wayne and Southern Railroad Company,* approved *January* 15, 1849, was not accepted by the persons named as corporators prior to the taking effect of the new Constitution, it could not afterward be accepted nor any corporation organized under it; as § 13, art. 11 of the Constitution prohibits the creation of any corporation through, or by virtue of, any special act or charter.

APPEAL from the *Clark* Circuit Court.

PERKINS, J.—Information against the defendants, charging that they are pretending to be a corporation, and, to act as such, when they are not a corporation. It charges that in *January,* 1849, the Legislature of the State of *Indiana* enacted a special charter of incorporation, (which is set out at length,) for a railroad from *Fort Wayne, Indiana,* to *Jeffersonville,* to be called the *Fort Wayne and Southern Railroad;* that the persons named in the charter as directors did not accept said charter till *June* 2, 1852, when they did meet and accept the same, and organize under it. It is alleged that the defendants are assuming to act under said charter, never having organized under any other. The Court

below sustained a demurrer to the information; thus holding the defendants to be a legal corporation.

The present Constitution of *Indiana* took effect on *November* 1, 1851. It contains these provisions:

" All laws now in force and not inconsistent with this Constitution, shall remain in force, until they shall expire or be repealed." Sched. (1 sub. sec.) of Const.

" Corporations, other than banking, shall not be created by special act, but may be formed under general laws." Art. 11, § 13.

" All acts of incorporation for municipal purposes shall continue in force under this Constitution, until such time as the General Assembly shall, in its discretion, modify or repeal the same." Sched. *supra*, sub. sec. 4.

The charter for the *Fort Wayne and Southern Railroad* was not a charter for municipal purposes, and, hence, was not specially continued in existence. Art. 11, § 13, above quoted, prohibits the creation of a corporation by special act or charter, that is, as we construe the prohibition, through, or by virtue of, such special act or charter, after *November* 1, 1851. The policy that induced the prohibition, as well as its literal import, demands this construction. It is necessary for us to ascertain, then, when the defendants, if ever, were created a corporation. The simple enactment of the charter for the corporation, by the Legislature, did not create the corporation. It required one act on the part of the persons named in the charter to do that, viz: acceptance of the charter enacted.

Says *Grant*, in his work on corporations, *vide* p. 13 : " Nor can a charter be forced on any body of persons who do not choose to accept it." And again, at page 18, he says, " The fundamental rule is this : no charter of incorporation is of any effect until it is accepted by a majority of the grantees, or persons who are to be the corporators under it. *Bagge's* case, 2 Brownl. & G. 100; S. C. 1 Roll. Rep. 224; Dr. *Askew's* case, 4 Burr. 2200 ; *Rutter* v. *Chapman*, 8 M. & W. 25; per *Wilmot*, J., *Rex* v. *Vice-Chancellor of Cambridge*, 3 Burr, 1661. This is analogous. to the general rule that a man can not be obliged to accept the grant or devise of an

estate. *Townson* v. *Tickell*, 3 B. & Ald. 31." See, also, Ang. & Am. § 83, where it is said, if a charter is granted to those who did not apply for it, the grant is said to be *in fieri* till acceptance. We need not inquire whether this rule extends to municipal corporations in this country. As to what may constitute an acceptance we are not here called on to decide, as the information expressly shows that there was none in this case till *June*, 1852, which fact is admitted by the demurrer.

The grant of the charter in question, then, to those who had not applied for it, was but an offer, on the part of the State; a consent that the persons named in the charter might become a corporation, might be created such an artificial being, by accepting the charter offered. But an offer, till accepted, may be withdrawn. In this case, the offer made by the State, in 1849, was withdrawn by the State, *November* 1, 1851, by then declaring that no corporation, after that date, should be created except pursuant to regulations which she, in future, through her Legislature would prescribe.

This pretended corporation, then, was not created before *November* 1, 1851; and it could be created afterward only by the concurrent consent of the State and the corporators. But, at that date, the Constitution prohibited both the State and corporators from giving consent to such a corporation, to wit: one coming into existence through a special charter; and hence necessarily prohibited the creation thereof. This decision accords with that of the Supreme Court of the *United States* in *Aspinwall* v. *Daviess County*, 22 How., p. 364; where it was held that the new Constitution prohibited a subscription of stock to the *Ohio and Mississippi Railroad Company*, authorized by the charter of the corporation, granted under the former Constitution, and actually voted by the people of the county, under that Constitution.

Whether, as a matter of fact, the charter in this case was accepted under the old Constitution, must be determined on a trial of the cause below.

Had the provision in our Constitution, like that on this subject in the Constitution of *Ohio*, ordained that the Legislature should " pass no special act conferring corporate powers,"

the restraint would clearly have been imposed alone upon future legislative action; but, in our Constitution, the restraint is plainly imposed upon the creation, the organization, of the corporation itself. See *The State* v. *Roosa*, 11 O. St. R. 16.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.

*C. B. Smith, J. W. Gordon* and *Watt J. Smith*, for the appellant.

*R. Crawford*, for the appellees.

(1.) Mr. *Crawford*, for appellees, cited the following authorities: Repeals by implication are not favored. *Trustees* v. *Birkenhead Dock Co.*, 23 E. L. & E. R. 392; *Kane* v. *The People*, 8 Wend. 204; *Marlot* v. *Lawrence*, 1 Blatch. 608; *Dugan* v. *Gittings*, 3 Gill. 138; *George* v. *Skeates*, 19 Ala. 738; *Raudebaugh* v. *Shelley*, 6 Ohio St. R. 307; *Lichtenstein* v. *State*, 5 Ind. 162.

The question does not depend on principle. It has been decided in this State, and similar questions in other States. *State* v. *Barbee*, 3 Ind. 258; *Hand* v. *Taylor*, 4 id. 410; *State* v. *Dudley*, 1 Ohio St. R. 437; *Cass* v. *Dillon*, 2 id. 608; *Citizens' Bank* v. *Wright*, 6 id. 318; *State* v. *Trustees*, 8 id. 394; 3 Gray, 601; *Broadbent* v. *State*, 7 Md. 416.