SNYDER v. STUDEBAKER.

Estoppels arise upon matters of fact, and not upon matter of law.

If there was no law which authorized a supposed corporation, or, if the statute authorizing it was unconstitutional and void, a contract with such corporation would not estop the party making it, to dispute the existence of the corporation.

But, if there was a law which authorized the corporation, then, whether the corporation had complied with it, so as to have become legally incorporated, is a question of *fact*, and a party contracting with such corporation is estopped to dispute the organization, or the legal existence, of the corporation.

The cases of *Harriman* v. *Southam*, 16 Ind. 190, and *The Evansville, etc. Railroad Company* v. *The City of Evansville*, 15 Ind. 395, so far as the rulings therein are inconsistent with the foregoing, are overruled.

APPEAL from the *Wells* Circuit Court.

WORDEN, J.—This was an action by *Snyder* against *Studebaker*, to recover possession of a certain tract of land. Judgment for the defendant.

The same question is presented by the pleadings and the evidence.

It appears that, in March, 1853, the plaintiff, who was then the owner of the land, conveyed the same to the *Fort Wayne and Southern Railroad Company*, by deed, duly executed and delivered.

This conveyance was made on account of a stock subscription.

Afterward, in November, 1855, the railroad company, for a valuable consideration, conveyed the premises to the defendant.

*The Fort Wayne and Southern Railroad Company* was chartered by an act of the legislature, passed in 1849; and it appears that the corporators named in the act in question met in the town of *Bluffton*, in said county of *Wells*, on the

19th day of November, 1851, and then and there accepted the act of incorporation, and organized the company pursuant to the provisions of said act.

If the corporation was not created before the 1st of November, 1851, when the new constitution took effect, it could have no existence at all, as that instrument prohibits the creation of corporations, other than banking, by special act. *The State* v. *Dawson*, 16 Ind. 40. *Harriman* v. *Southam*, *Id.* 190.

The plaintiff claims, that inasmuch as there was no acceptance of the charter, or organization under it, until after the adoption of the constitution of 1851, there was no such corporation as *The Fort Wayne and Southern Railroad Company* at the time he executed the conveyance, and, hence, that no title passed from him. But is he in a condition to dispute the existence of the corporation at the time he made his conveyance to it?

It has been held, in numerous cases in this State, that a party who has contracted with a corporation, as such, is, as a general proposition, estopped by his contract to dispute the existence of the corporation at the time of the contract. The following cases may be cited, though there are, perhaps, others reported, and some not reported as yet. *Judah* v. *The American Live Stock Insurance Company*, 4 Ind. 333. *The Brookville and Greensburg Turnpike Company* v. *Mc-Carty*, 8 *Id.* 392. *Ensey* v. *The Cleveland and St. Louis Railroad Company*, 10 *Id.* 178. *Fort Wayne and Bluffton Turnpike Company* v. *Deam*, *Id.* 563. *Jones* v. *The Cincinnati Type Foundery Company*, 14 *Id.* 89. *Hubbard* v. *Chappell*, *Id.* 601. *The Evansville, etc. Railroad Company* v. *The City of Evansville*, 15 *Id.* 395. *Meikel* v. *The German Savings Fund Society*, 16 *Id.* 181. *Heaston* · v. *The Cincinnati and Fort Wayne Railroad Company*, *Id.* 275.

The doctrine is by no means confined to the State, but prevails elsewhere. *The Dutchess Cotton Manufactory* v.

*Davis*, 14 Johns. 238. *All Saints Church* v. *Lovett*, 1 Hall, 191. *Palmer* v. *Lawrence*, 3 Sand. Sup. C. R. 161. *Eaton* v. *Aspinwall*, 6 Duer. 176. *Jones* v. *Bank of Tennessee*, 8 B. Mon. 122. *Worcester Medical Institution* v. *Harding*, 11 Cush. 285. *The Congregational Society* v. *Perry*, 6 N. H. 164. *People's Savings Bank, etc.* v. *Collins*, 27 Conn. 142. *West Winsted Savings Bank* v. *Ford, Id.* 282. Angel and Ames on Corp., sec. 94.

The estoppel arises upon matter of *fact* only, and not upon matter of *law.* Hence, if there be no law which authorized the supposed corporation, or if the statute authorizing it be unconstitutional and void, the contract does not estop the party making it, to dispute the existence of the corporation. But if, on the other hand, there be a law which authorized the corporation, then, whether the corporators have complied with it, so as to become duly incorporated, is a question of *fact*, and the party making the contract is estopped to dispute the organization or the legal existence of the corporation. This proposition is substantially stated in the cases of *Jones* v. *The Cincinnati Type Foundery Company; Meikel* v. *The German Savings Fund Society;* and *Heaston* v. *The Cincinnati and Fort Wayne Railroad Company, supra.*

Let us apply the doctrine to the case before us. The corporators named in the act to establish the *Fort Wayne and Southern Railroad Company* had a right, at any time before the offer of the franchises was withdrawn, that is, before the constitution of 1851 was adopted, to accept the charter, and organize under it. If they did so accept the charter, and organize, the corporation was legitimately created, and the new constitution did not destroy it.

Whether they did so accept the charter, and organize, was a question of fact, and the plaintiff, by his conveyance, is estopped to deny such acceptance and organization.

That the corporators accepted the charter, and organized under it, within the time when it was competent to do so,

was as fully admitted by the contract, as was any other step necessary to an organization.

The conclusion necessarily follows, that the plaintiff is estopped to dispute the existence of the corporation at the time of his conveyance to it.

This point was ruled the other way in the case of *Harriman* v. *Southam*, 16 Ind. 190, but, upon more mature reflection, we are satisfied that the decision upon this point was wrong, and should be overruled.

We may remark, also, that the doctrine of estoppel was erroniously applied in the case of *The Evansville, etc. Railroad Co.* v. *The City of Evansville*, 15 Ind. 395. There the point made was, that the law, under which the corporation was organized, was unconstitutional and void. A party, we have seen, does not, by his contract, estop himself to deny that there is any law, or any valid law, by which the corporation was authorized.

Some further observation, in respect to the case before us, will not be out of place. The doctrine of estoppel, as applied to the case, does not rest upon a mere technical rule of law. It has its foundation in the clearest equity, and the principles of natural justice. The doctrine of estoppel, *in pais*, is of comparatively recent growth, but is firmly and clearly established. "The recent decisions of the courts, both in this country and in England, appear to have given a much broader sweep to the doctrine of estoppel *in pais*, than that which formerly existed, and to have established that, in all cases where an act is done, or a statement made, by a party, the truth or efficacy of which it would be a fraud, on his part, to controvert or impair, there the character of an estoppel will be given to what would otherwise be mere matter of evidence, and it will, therefore, become binding upon a jury, even in the presence of proof of a contrary nature." 2 Smith, Lead. Ca. p. 531, 1 Am. Ed. See, also, upon this subject, *Kinney* v. *Farnsworth*, 17 Conn. 355.

*Middleton Bank* v. *Jerome*, 18 *Id.*, 443. *Laney* v. *Laney*, 4 Ind. 149. In *Doe ex dem. Richardson* v. *Baldwin*, 1 Zubriskie, 397, it was said, that "The doctrine of estoppel rests upon the principle, that when one has done an act, or made a statement, which it would be a fraud, on his part, to controvert or impair, and such act or statement has so influenced any one that it has been acted upon, the party making it will be cut off from the power of retraction. It must appear, 1. That he has done some act, or made some admission inconsistent with his claim; 2. That the other party has acted upon such conduct or admission; 3. That such party will be injured by allowing the conduct or admission to be withdrawn." Here the plaintiff, by his conveyance to the corporation, admitted that it had an existence, and could receive the title. Upon this act and admission of the plaintiff the defendant has acted, in purchasing the land of the company. If the plaintiff had not conveyed to the corporation, the defendant would not have purchased from it. The law will not now permit the plaintiff to withdraw the admission made by him in conveying to the corporation, and deprive the defendant of the land which he purchased on the faith of such admission.

In our opinion, the judgment below is right, and must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*John R. Coffroth*, for the appellant.