————o————

THE CITY OF EVANSVILLE ET AL. *v.* EVANS.

CITY.—*Improvement of Alley.—Injunction.—Dedication.—Pleading.*—Where an injunction was sought to restrain the city of Evansville from improving what was claimed by the city as an alley, it was answered, that the owners of the property, subject to the plaintiff's life estate, on both sides of the alley, had laid out and opened the same to correspond with the other alleys of the

city, with the consent of the plaintiff, and, in 1858, had laid off lots on their grounds abutting on said alley, and described said lots as extending to the same, in deeds and conveyances; and that, with full knowledge of the plaintiff and the owners, said alley had been used by the public, exclusive of the use by the owners.

*Held*, that the answer was sufficient as showing a dedication to the public use; and that such facts could not be introduced under the denial, but must be averred by answer.

SAME.—*Lapse of Time*—Dedication of property as a highway may be shown by acts *in pais*, and lapse of time is not important under such circumstances.

APPEAL from the Vanderburg Circuit Court.

BUSKIRK, J.—The appellee, Saleta Evans, brought suit against the appellants. Her complaint reads as follows:

"Said plaintiff complains of said defendants, and says that she is the owner as tenant in fee, and is in the possession of the south-east one-half of a block of ground in the eastern enlargement of the city of Evansville, known on the plat of said enlargement as the 'Evans homestead,' more particularly hereinafter described; and that she is the owner in fee in reversion, after an estate for years, of one hundred by one hundred and fifty feet in the north-west corner of said block, being one hundred feet on Main Street and one hundred and fifty feet on Fifth street; and she is the owner in reversion, as tenant for life, after an estate for years, of the remainder of said block, to wit, two hundred and nine feet on Main street by one hundred and fifty feet on Sixth street, of the north-east part of said block. And plaintiff avers that said block of ground lies between Main and Locust streets, which are three hundred feet apart, said block extending from one street to the other, and said block extends also from Fifth street to Sixth street, a distance of three hundred and nine feet. And plaintiff further complaining, says that said eastern enlargement was originally platted and laid off by Robert Evans and others, and that said Robert Evans was at that time the owner of said block, and that by the plat of said enlargement there is no alley through said block; and said plaintiff avers that neither she nor any other of the persons under whom she claims said block, have ever dedicated any

portion of said block to the use of the public as and for a public alley; nor have they, nor the plaintiff, ever consented that the city authorities or the public, should appropriate any portion of said block to the public use as an alley.

"And the plaintiff avers that said block is within the corporate limits of the city of Evansville; and the common council of said city, pretending that there is an alley through the centre of said block, from Fifth street to Sixth street, have entered upon their minutes an order directing an alley to be excavated and paved through said block. A copy of said order, marked 'exhibit A,' is herewith filed; and in pursuance of said order, said common council have awarded the contract for making said excavation and pavement of said pretended alley to said defendant, Richardt, who, if not enjoined, will proceed to carry out said improvement; and plaintiff avers that by the grading so threatened, a deep excavation in the rear of her premises will be made whereby her yard and premises, now occupied by her, will be greatly damaged, or will require the building of a stone wall at great cost and expense. And plaintiff says that said city has never taken any steps to open an alley through said block, according to the provisions of the charter, by-laws, and ordinances of said city. But unlawfully assuming that an alley exists through said block, has proceeded to order its improvement by grading and paving, as aforesaid. And plaintiff says, that by means of said order of said council, and that following the same, said city is threatening to appropriate, and if not enjoined, will appropriate twelve feet in breadth by three hundred and nineteen feet in length through the centre of said block of private property to the public use, without making the plaintiff any compensation, or without taking any steps to have damages assessed.

"And plaintiff avers, that if not restrained, said common council will proceed to assess and charge to the plaintiff at least one-half the cost of making said grading and paving.

"All which actings and doings of the defendants are contrary to equity and good conscience, and if not enjoined,

will produce great and permanent injury and injustice to the plaintiff.

"Therefore, plaintiff prays that upon the final hearing, the defendants may be perpetually enjoined from opening, excavating, and otherwise improving said alley, and for all other proper relief; and until the final hearing, the plaintiff prays a temporary restraining order."

"EXHIBIT A.

"On motion of Councilman Richardt, the following order was passed and adopted, three-fourths of all the members of the common council concurring therein:

"And now it is hereby ordered and directed by the common council of the city of Evansville, that the alley situate between Main and Locust streets, and extending from Fifth street to Sixth street, be improved by bringing the same to the proper grade as shown by the city surveyor. And it is further ordered that the cost and expenses of said improvement, as soon as the same can be ascertained, shall be assessed against all the lots or parts of lots adjoining or abutting on said alley, equally per front foot; that is, each foot of ground adjoining said alley on both sides thereof shall be charged with the same proportion of expenses of making said improvement, and the clerk is authorized to advertise for bids for doing said work, until the 8th day of August, 1870.

"And upon the passage of said order, the ayes and noes were called, and are as follows:

"Ayes—Elles, Van Riper, Muelhausen, Richardt, Carpenter, Schaum, Kerth, Heilman, and Doughty.—9.

"Noes—None."

A temporary injunction was granted.

The appellants filed the following answer:

"The said defendants, for answer to the plaintiff's complaint, admit that said block, in the complaint mentioned, was originally platted by Robert M. Evans, as a part of the eastern enlargement, and that no alley was designated or laid off in said block by said Evans; but they say that said Rob-

The City of Evansville *et al. v.* Evans.

ert M. Evans departed this life in the year 1845, and that subsequent to his death, De Witt C. Evans and others became owners by devise of said block, subject to plaintiff's life estate therein, and that in the year 1858, said De Witt C. Evans and his co-devisees, with the full knowledge and consent of plaintiff, opened and laid out said alley through the whole width of said block, in such manner as to make it correspond exactly with the other alleys in said enlargement, and with the alleys in the donation enlargement of Evansville, which adjoined said eastern enlargement; and afterward said De Witt C. Evans and his co-owners of said block divided the same into lots by metes and bounds, all of which said lots fronted on Main street or on Locust street, and abutted on said alley; and said De Witt and plaintiff made, executed, and delivered to divers persons leases to said lots, which leases extended to and covered a period of ninety-nine years, and all of them described said alley, and described said lots as extending in the rear to said alley, and from, after, and during said year, 1858, with the full knowledge and consent of said De Witt, who is now dead, having departed this life in the year 1864, and with the full knowledge and consent of the plaintiff, the said alley has always been used, travelled, and gone through and over by all the citizens of Evansville, by the public generally, and by the tenants holding under said leases; which user by the citizens, public, and tenants, has been open, notorious, and exclusive of the use of the said alley by the owners thereof; whereupon defendants ask that said injunction be dissolved and judgment for their costs."

The record shows that this answer was demurred to by the appellee, and the demurrer was overruled. Afterward the appellee filed her reply. The appellants demurred to the reply. The demurrer to the reply was overruled, and exception taken. Afterward the appellee withdrew her reply and filed a demurrer to the answer, which demurrer was sustained, and exception taken by the appellants. The appellants failed to answer further, and final judgment was ren-

dered in favor of the appellee, making perpetual the tempo-
rary injunction, to which appellants excepted.

The only question to be determined is, whether the court
erred in sustaining the appellee's demurrer to the appellants'
answer.

The learned counsel for the appellants have assumed, in ar-
gument, the following positions:

"The first question presented is this: Has the city of
Evansville the power to order the improvement of an alley
which has never been dedicated to the public? The com-
plaint shows that the block of ground, through which this
alley runs, is in the eastern enlargement of Evansville; that
the block is bounded by the following named streets: Main,
Sixth, Locust, and Fifth; that the distance from Fifth
street to Sixth street is three hundred and nine feet. The
answer shows that the alley was opened and laid out in 1858,
from Fifth to Sixth street, with plaintiff's consent, and has
ever since been used by the public. The question of taking
private property for public use does not here arise. We
claim that whether there has been a dedication or not is im-
material, and that the city has the power to order the im-
provement of this alley, irrespective of its character, wheth-
er public or private. The alley must necessarily remain
open for ninety-nine years. Under such circumstances, the
damages are only nominal. 8 Wend. 85; 11 Wend. 486; 19
Wend. 128; 1 Hill, N. Y. 189, 191; 2 Wend. 472. Equity
will not enjoin for nominal damages.

"Our second position is that the answer shows a valid
dedication of the alley to a public use. To constitute a dedi-
cation, there must first be an intention to do it on the part of
the owner. But it may be manifested by writing, by decla-
ration, or by acts. Washb. Easm. 180. Dedications have
been established in every conceivable way by which the in-
tention of the party could be manifested. The alley in ques-
tion exactly corresponds with the other alleys in the same
and adjoining enlargements in a city of twenty-five thousand
people; it has been used as a public alley since 1858; lots

The City of Evansville *et al. v.* Evans.

have been laid out abutting on it, and fronting on Main and Locust streets, and leases made for ninety-nine years. It is well settled that no period or term of enjoyment is necessary in order to have dedication become effectual. Washb. Easm. 139, section 21. In *Jarvis* v. *Dean*, 3 Bing. 447, four or five years use of a passage way by the public was held sufficient to constitute a dedication. This court has made the same decisions in 8 Ind. 425; 10 Ind. 219; 7 Blackf. 512; 25 Ind. 352; 16 Ind. 40."

Washburn on Easements lays down the following propositions of law:

Section 19, p. 139. "To constitute a dedication requires, however, *no grant or conveyance by deed or writing on the* part of the owner of the land. If he shall do such acts *in pais* as amount to a dedication, the law regards him as estopped *in pais* from denying that the public have a right to enjoy what is dedicated, or from revoking what he had thus declared by his acts."

Sec. 21. "If, in this connection, it is asked what length of time is necessary in order to have a dedication *become effectual, it is believed there is no period* or term of enjoyment necessary, as in the case of prescription. Length of enjoyment may be regarded, when the evidence of a dedication having been made depends upon a user by the public of the thing dedicated. But as all that is requisite to constitute a good dedication is, that there should be an intention and an act of dedication on the part of the owner, and an acceptance on the part of the public; as soon as these concur, the dedication is complete. Ordinarily, there is no other mode of showing an acceptance by the public of a dedication, than by its being made use of by them, and this must be sufficiently long to evince such acceptance, depending, of course, upon the circumstances of each case. Six or seven years have, in some cases, been held to be sufficient, and in no case has the time been measured by that required to create a prescription."

Sec. 25, p. 145. "But where a street has been actually

dedicated to the public by the act and intent of the owner of the soil, and by what shows an acceptance by the public, it becomes a public highway, and the owners of the adjacent land, whether the original proprietors or purchasers under them, have no other rights in it than the adjoining owners of any other public highway."

Sec. 26. "Citations might easily be multiplied, where streets have become dedicated as public highways, so far, at least, as the owner of the soil is concerned, although the same may never have been opened or wrought. And among them are cases where the owner of city lots has sold them by a plan on which streets have been designated by the proper officers to locate and establish the same, and has bounded the lots sold by such streets."

In *Irwin* v. *Dixion*, 9 How. U. S. 10, the Supreme Court of the United States states the law as follows: "Thus, it has been presumed, if one makes a plan of his land in a city with certain streets laid down between certain lots, and sells the lots accordingly, that he thus means to dedicate those streets to the public. *United States* v. *Chicago*, 7 How. U. S. 185, and cases cited there from Wendell; *White* v. *Cowen*, 4 Paige, 510; *Barclay* v. *Howell's Lessee*, 6 Pet. 498; *New Orleans* v. *The United States*, 10 Pet. 718. And more particularly is it so if the community are allowed to begin to occupy the streets accordingly. *Cincinnati* v. *Lessees of White*, 6 Pet. 431; 10 Pet. 718. But a mere survey of such streets, without selling the contiguous lots, or letting the streets be occupied, is not enough. 7 How. U. S. 185."

We have examined the cases above referred to as having been decided by this court, and find that they are in accord with the principles enunciated by Washburn and the Supreme Court of the United States.

We are of the opinion that the facts stated in the answer constitute a dedication to the public use. It is maintained by the counsel for the appellee, in a very able brief, that the court committed no error in sustaining the demurrer, for the reason that the answer only amounted to an argumental

denial. We do not think so. As has been shown, a dedication may be shown by acts *in pais*, and such acts should be alleged in an answer, and could not be proved under a denial. It is also maintained, that it is a taking of private property for public use. We think otherwise. If the property was dedicated to the public, it ceased to be private property, and became a public highway, and the common council thus acquired jurisdiction over the alley.

We are of the opinion that the court erred in sustaining the demurrer to the answer. For this error the judgment must be reversed.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to overrule the demurrer to the answer, and for further proceedings in accordance with this opinion.

*C. Denby* and *D. B. Kumler*, for appellants.
*A. Iglehart* and *J. E. Iglehart*, for appellee.