## JOHN BAKER ET AL. V. PETER NEFF.

*Estoppel to Deny Corporate Existence.*—Where there is an attempt to create a corporation under a statute, and an assertion and exercise of corporate powers, one who enters into a contract therewith can not deny the right to corporate existence in order to annul his contract. The corporate right in such case can only be litigated in a direct proceeding in the name of the State.

Filed April 28, 1881.
Appeal from Martin Circuit Court.

John Baker, for appellants.

Rogers & Browne, for appellee.

Opinion of the court by Mr. Justice Elliott.

This appeal brings before us the question of the sufficiency of the complaint of the appellants, who were the plaintiffs below.

The material allegations of the complaint may be thus summarized: In August, 1857, William F. DeLaMater, David B. Lupton, and Samuel B. Munson attempted to organize a corporation under the act of May 20, 1852. Articles of association were signed and acknowledged before a notary public. The name, the object, the amount of capital stock, the location, the duration of the corporation, and the names of the directors are stated in the instrument. The articles of association were filed in the office of the recorder of Martin county, on the 20th day of August, 1857, and a duplicate was filed in the office of the Secretary of State on the 3d day of July, 1858. The land in controversy was conveyed to the corporation by its corporate name of The American Paint Manufacturing Company, by the appellant, Hannah M. DeLaMater, and her husband, William F. DeLaMater, was the owner at the time of the conveyance to the American Paint Manufacturing Company, and at his death he devised all his property to his widow. After the death of said William F. DeLaMater, the appellant, Hannah M. DeLaMater, conveyed one-half of the real estate to her co-appellant, John Baker. In 1872 the land was sold upon a judgment against the said Paint Company, and through that sale appellee claims title.

The contention of appellants' counsel is, that there was no corporation until the duplicate of the articles of association was filed in the office of the Secretary of State, and that there was, therefore, no grantee capable of taking at the time the deed was executed.

The appellants, having contracted with the appellee's remote grantor as a corporation, are estopped to assert that there was no such corporation. It is not claimed that the corporation was one which could not have been created under the law; the claim is that the law was not complied with. If appellants were correct in their theory that there was no corporation until the duplicate of the articles of association was filed in the office of the Secretary of

State, a point we need not and do not decide, they are not in a sit-situation to successfully urge it, because they are conclusively estopped by the deed made to the association, wherein it is recognized as, and acknowledged to be, a corporation. This doctrine is very clearly and forcibly enunciated in the opinion of the court prepared by Worden, J., in *Snyder* v. *Studebaker*, 19 Ind. 462.

The complaint shows that there was an attempt to create a corporation; that the statute was in part, at least, complied with; that there was an assertion and exercise of corporate powers, and that in the contract with appellants there was an assumption of corporate franchises. In such a case the right to corporate existence cannot be tried in an action instituted by an individual citizen in his own behalf for the purpose of annulling a contract. The right to possess and enjoy corporate franchises can, in such a case, only be litigated in a direct proceeding instituted in the name of the State.

The right of an association assuming to be a corporation under a law authorizing the creation of corporations of the class to which it claims to belong, and which has exercised powers as a corporation, to hold property, can not be questioned in an action brought by an individual citizen to set aside a contract which he had made with the association in its corporate name and character. The right of a corporation to hold property can only be questioned by a direct proceeding prosecuted in behalf of the State.

There would be manifest injustice in allowing appellants a recovery, for their claim is entirely destitute of equity. By their own act they enabled the association to appear as the owner of the property, and now, long after it has been seized and sold to pay the debts of the association which they recognized as a corporation, they assert a claim against one who acquired title at the sheriff's sale made upon the judgment rendered against the corporation, and without tendering back the consideration received from the corporation.

Judgment affirmed.