THE STATE ON THE INFORMATION OF CARLTON, &c. *v.* DAW-SON *et al.*

RAILROADS—ACCEPTANCE OF CHARTER—CONSTITUTIONAL LAW.— As to what acts on the part of the corporators constitute an acceptance of a special charter, see the opinion at length.

THE FORT WAYNE AND SOUTHERN RAILROAD COMPANY.—The corporators having accepted the charter before the Constitution of 1851 took effect, it became a valid and binding contract between them and the State, which could not be abrogated or impaired, except for cause.

APPEAL from the *Clark* Circuit Court.

WORDEN, J.—This was an information against the appellees, charging them in substance, with usurping and exercising the powers and functions of a railroad corporation, under the pretended authority of an act of the legislature, entitled, "An act to Incorporate the *Fort Wayne and Southern Rail-*

*road Company,*" approved *January* 15, 1849. It is alleged that the corporators named in the act did not accept the charter and franchises until *June,* 1852; that as there had been no acceptance of the charter up to *November* 1, 1851, the act was then repealed by the Constitution of the State, which then took effect. Prayer for judgment of ouster.

Issue, trial, finding, and judgment for the defendants.

The case comes before us on the evidence.

In the case of *The State* v. *Dawson,* 16 Ind. 40, it was held that if the charter was not accepted by the corporators until the new constitution took effect, it was thereby repealed, and no valid organization could thereafter take place under the act. The question was there decided on demurrer. In the case before us, an issue of fact was made and tried; and the evidence shows, as we think, pretty conclusively, that the corporators named in the act did accept the charter before the new constitution took effect.

The act in question provides that *Allen Hamilton* and others, naming them, and their associates and successors in office, &c., " are *hereby* constituted a body corporate and politic, by the name and style of *The Fort Wayne and Southern Railroad Company,* and shall be able and capable in law to sue and be sued," &c.

It was not only proven that the corporators applied to the legislature for the passage of the act in question, already drawn up as passed, excepting the clause authorizing a repeal; that one of the corporators appeared before a legislative committee, to whom the bill was referred, and on behalf of himself and the other corporators, explained to the committee the objects of the proposed organization; but it was also proven that, after the legislature appended the clause authorizing a repeal in certain cases, such of the corporators as were present, one of whom, at least, appears to have been acting by the authority, express or implied, of those who

were absent, met together and consulted upon the amendment, and agreed to accept the charter in that form. If the evidence stopped here, it would be clearly sufficient to show an acceptance. "If a peculiar charter is applied for, and it is given, there can be no reasonable ground to doubt of its immediate acceptance." Ang. & Ames on Corp. § 83.

But in addition to this, the evidence shows that in *October,* 1851, a meeting was held of a majority of the corporators named, when they determined to build the contemplated railroad, under the charter.

The corporators having accepted the charter before the constitution of 1851 took effect, it became a valid, binding contract between the State and the corporators, which could not be abrogated or impaired except for cause.

*Per Curiam.*—The judgment below is affirmed.

*Beal & Brownlee,* for the appellant.

*R. Crawford,* for the appellee.