In the matter of opening *Thirty-second street,* in the city of New-York, from the 10th Avenue to the East river.

Where a street is designated on the commissioners' map of the city of New-York as passing over certain lands, and the owner of the lands subsequently sells and conveys city lots, bounding them on such street, such act alone, without any user by the public, is deemed a dedication of the land over which the street passes to the public use, so far forth that, on the opening of the street, the purchaser is entitled to only a nominal sum as a compensation for the fee.

And the purchaser can claim no more, notwithstanding that the one half of the street immediately in front of and adjoining the lot conveyed to him is granted to him, where the grant is qualified by a clause that the portion of the street thus conveyed shall not be enclosed, but shall always be and remain open as a public highway.

July, 1838.      THIRTY-SECOND STREET, as laid down on the commissioners' map filed in 1811, between the 8th avenue and a line about 200 feet east of the 7th avenue, passed through lands which in September, 1835, were owned by James R. Whiting. He laid out the lands on both sides of the street into lots of about 25 feet front and 100 feet deep, fronting on the street, except the lots at the corners, which were of the same dimensions, but fronted on the 7th and 8th avenues. In September, 1835, Whiting sold all the lots at public auction to different purchasers, except one lot on one of the corners, which he bid off himself. Two of the lots described in the deed as bounding on Thirty-second street, "together with the one-half of Thirty-second street as laid out on said map [a map of the lots and street] immediately in front of and adjoining said lots," were conveyed by Whiting to John A. Sidell. Two other lots, with the land in front, in Thirty-second street were described and conveyed in the same way. By the same deed, Whiting also

conveyed to Sidell two lots described in the deed as bound-
ing both on the 7th avenue, and one of them on Thirty-sec-
ond street, together with the land adjoining the lots, and in-
cluded within lines running along the centre of the avenue
and street to the point of intersection. Then followed a
clause in these words : " The said last mentioned piece of
land, and the said pieces of land herein before described,
which on said map are laid out as a part of Thirty-second
street, are not to be enclosed, but always to be and remain
open as a public highway." The deeds executed to the
other purchasers were in the same form. The lands at the
place in question. were at the time of the sale, and ever
since have been enclosed in fence : the street having never
been opened or used as a public highway.

ALBANY,
July, 1838.

In the matter
of Thirty-sec-
ond street.

*R. Emmett*, for the corporation of the city, moved the
confirmation of the report of the commissioners of estimate
and assessment.

*A. Taber*, on behalf of Sidell and Whiting, objected that
nothing had been allowed them for the land which the cor-
poration were about to take by their order for opening the
street.

*By the Court*, BRONSON, J. The map, under which Mr.
Whiting made his sales, designated the street and avenues
as they had been previously laid down on the commission-
ers' map filed in 1811. · In the conveyance of the lots, the
purchasers were, in terms, bounded on the street. If we
stop here, it is then a settled question that the grantor was
only entitled to a nominal sum for the fee of the land in the
site of the street, when it should afterwards be taken by
the corporation ; and had he sold the land in the street to a
third person, his grantee would have had no greater right.
*Matter of Seventeenth-st.*, 1 Wendell, 262. *Lewis-st.*, 2 id.
472. *Livingston* v. *Mayor of N. York*, 8 id. 85. *Wyman*
v. *The same*, 11 id. 486. *Furman-street*, 17 id. 661. It is
said that these cases proceed on the ground of an *implied
covenant* that the purchaser should enjoy a perpetual ease.

ALBANY,
July, 1838.

In the matter
of Thirty-sec-
ond street.

ment or right of way in the street, and that implied cove-
nants in deeds were abolished before these conveyances
were executed. 1 R. S. 738, § 140. It is true that this
court, in the case of Seventeenth and Lewis streets, placed
its decision on the ground of an implied covenant; but in
the case of Fifth-street, (*Wyman* v. *Mayor of N. Y.*) the
late chief justice said, that where the owner sells city lots in
reference to a map on which streets are laid down, " he
adopts the map, and thereby makes an appropriation or *ded-
ication* to public use of the ground laid out as streets." In
the court for the correction of errors, this case and that re-
lating to Attorney and Ridge streets, (*Livingston* v. *Mayor
of N. Y.*) proceeded on the ground of an implied *grant* of
a right of way, or a *dedication* of the land to public use, and
the same point was adjudged in the case of Furman street.
See also *Trustees of Watertown* v. *Cowen*, 4 *Paige*, 510.
It is not very important that Thirty-second street has never
been opened or used as a public thoroughfare. Although
*user* is the most common, it is not the only evidence that
lands have been dedicated to the public. In some of the
cases which have been mentioned, the street had been used
before measures were taken by the corporation for opening
it in the form prescribed by law, but no importance was at-
tached to that fact; and, in some of the cases, there had
either been no user, or none which would authorize the court
to proceed on that ground.

In relation to Mr. Sidell, this case presents a new ques-
tion. In the conveyance to him, Mr. Whiting first grant-
ed several lots bounded by the street, and then granted one
half of the land lying in the street and adjoining the lots.
Had the deed stopped here, there would perhaps have been
some difficulty in denying the right of the grantee to claim
full compensation for the land on opening the street. But
it is unnecessary to consider that question. The grant is
qualified by the provision, that the lands lying in the site of
the street " are not to be enclosed, but always to remain
open as a public highway." Here the grantor and grantee,
the one by making, and the other by accepting the convey-
ance, both unite in dedicating the land to public use.

ALBANY,
July, 1838.

In the matter
of Thirty-sec-
ond street.

But it is said that this clause is inconsistent with the pre-
vious grant of a fee in the land, and consequently void.   I
cannot yield to this argument, for several reasons.   In the
first place, the fee actually passed to the grantee, and will
remain in him until his interest is transferred to the corpora-
tion by opening the street in the forms prescribed by law.
Should this never be done, the other grantees may have a
right of way over the land, but the fee will still remain in
Sidell, subject to the easement.   This is not like the case
where the *habendum* clause in a deed is repugnant and con-
trary to the premises.   The clause declaring that the lands
shall always remain open as a public highway, is part and
parcel of the grant—a qualification or description of the in-
terest which the grantor intended to convey.   This clause
may, I think, be upheld on the principles of the common
law.

But in the construction of deeds, as well as wills, the in-
tent of the parties is to govern, and it is the duty of the
courts to carry that intent into effect, so far as it can be col-
lected from the whole instrument, and is consistent with the
rules of law.   1 R. S. 748, § 2.   If we look at the whole
of this instrument in connection with the existing state of
things at the time it was executed, it is impossible to mis-
take the intention of the parties.   In pursuance of an act of
the legislature, the whole of *Manhattan* island had been
surveyed, and streets and avenues had been laid out in re-
ference to the anticipated growth of the city.   It had been
settled that if landholders made sales and bounded pur-
chasers by a contemplated street, they thereby dedicated
the land in the street to public use, and could only demand
a nominal sum for the fee of the land when it should after-
wards be transferred to the corporation.   In this state of
things Whiting laid out and sold his lands, not for agricultu-
ral, but for city purposes; selling in small lots bounded by
a contemplated street.   On this dedication of the site of the
street to the public, he was willing to convey all his remain-
ing interest in the land to the purchasers respectively, taking
care, however, to declare that the grant was not made for
private purposes, but to the end that the street should al-

ALBANY,
July, 1838.

The People
v.
N. York C. P.
ways remain open as a public highway. It is impossible to suppose that the one party intended to grant, or that the other expected to acquire, an unqualified interest in the land. Such a construction of the deed would defeat the manifest intent of the parties, by rendering that which was designed as an important qualification of the grant utterly nugatory.

The other purchasers who stand in the same situation as Mr. Sidell, are not before the court. So far as appears, they do not complain of the principle on which the commissioners of estimate and assessment have proceeded.

The fee of one half the land in the street adjoining the lot which Mr. Whiting bid off himself, still remains in him. But on the principles which have been settled in the cases to which I have referred, he is only entitled to a nominal sum when the land is taken by the corporation. He has dedicated the whole street, so far as it passes through his land, to public use.

Report confirmed.