By the Court, Bronson, J.
The commissioners have proceeded on a distinction, which does not amount to a difference in principle, between this case and those which have heretofore been before us. They have allowed S. R B. Norton the value, instead of a nominal sum, for the strip of land which he still owns in 39th street, on the ground that he did not convey to Warner in parcels of the usual size for city lots, and because, as to 39th street, he bounded the purchaser by the centre instead of the side of the street. In the Matter of 32d street, (19 Wendell, 128,) .I noticed the fact that the owner had laid out and sold his land in small parcels of the usual size for city lots; but I did not intend to intimate that it could be a matter of much importance on the question of dedication; whether the owner sold in small or in large parcels. It is enough that he refers to, and adopts the commissioners’ map. In this case, Norton has bounded the purchaser on three sides by two of the streets and an avenue, as they were laid out and established by the commissioners under the act of 1807; and this we think a plain dedication of all his adjoining land in *194 the site of the avenue and streets to public use. We do not think it important that the purchaser was bounded by the centre, instead of the side of 39th street. In the one form as well as in the other the vendor plainly refers to the commissioners’ map, and adopts the street as it had been previously laid out by public authority. He declares that, so far as he is concerned, it shall be a public street. He could have intended ■ nothing less.
The commissioners erred in allowing Norton any thing beyond a nominal sum; and Adriance, who has been assessed for benefit, has a right to complain of their decision. It has enhanced the burden Avhich falls on him.
Spencer and wife, who at another place owned the lands in, and on both sides of the street, conveyed a narroAV strip to J. L. Norton in 1829, bounding him by the north side of the street; and thus dedicated the adjoining land- in the site of the street to public use. But it is said that this dedication was defeated by the subsequent deed to Astor, because that deed was first recorded, and there is no sufficient proof of notice to Astor of the prior conveyance. The two deeds do not conflict Avith each other. There is a common boundary between the grantees in both. The land conveyed to Norton lies on the north, and that conveyed to Astor on the south, of. the north line of the street, It may be doubted, whether the recording statute could have any effect upon the right which had previously accrued to the public in consequence of the deed to Norton. But I do not think it necessary to consider that question. The grant to Astor, although it includes the land in the site of the street, plainly refers to, and sanctions the commissioner’s map, and thus manifests the assent of both grantor and grantee that the street, as it had been laid out under the act of 1807, should be a public street. It can make" no difference in principle, that the grant to Astor did not stop at the south, but extended to the north side of the street. By making the street a boundary in any form, the parties have signified their assent to what had-, previously been done by public authority, and have devoted the land *195 in the site of the street to public use. Mr. Astor was only entitled to a nominal sum; and those who have been assessed for benefit have a right to complain.
The report must go back to the commissioners to be revised and corrected in the two particulars which have been mentioned.
Ordered accordingly.