## Schenley *et ux. versus* The Commonwealth for the use of The City of Allegheny.

If a lot-owner lease and sell lots, describing them as bounded by certain streets, this is sufficient evidence of a dedication of such streets to public use.

In an action on a municipal claim, for grading and paving a street in the city of Allegheny, the value of the work is not in issue; the plaintiff is entitled to recover the costs and expenses incurred.

The refusal of the street commissioner and street committee to have the work inspected, could not prejudice the city, unless it were shown, that they had authority to bind the city in the matter.

The Act of Assembly having charged the burden on the lots, and directed the street commissioner to make out the assessment, it was not necessary that the city should assess the tax by ordinance.

ERROR to the District Court of *Allegheny county*.

This was one of ten writs of *scire facias* issued upon the same claim, set out in the preceding case, to recover from Edward W. H. Schenley and Mary E. Schenley his wife, the costs and expenses of grading and paving West street, in the city of Allegheny.

There was a verdict for the plaintiffs for $311.42, subject to the opinion of the court upon points reserved, and judgment having been entered on the verdict, the defendants removed the cause to this court, and assigned for error, the charge of the court to the jury (which was the same as in the preceding case, the causes having been tried together), and the entry of judgment upon the points reserved. The additional points made in this case are stated in the opinion of the court.

*Williams & Sproul*, for the plaintiffs in error.

*Hamilton* and *D. W. Bell*, for the defendant in error.

The opinion of the court was delivered by

STRONG, J.—For our opinion upon all the questions raised upon this record, except two, we refer to another case between the same parties, decided at this term. To what was then said respecting the question, whether the street graded was a permanent street, it may be added that, in this case, the dedication to public use was established, by the proof that after the termination of the lease to Garrard, the leases were renewed, and the streets recognised in the renewed leases, and lots were also sold calling for the streets: 19 *Wend.* 128; 1 *Hill* 198.

On the trial, the defendants offered to show that they had asked permission of the street commissioner and street committee of the city, to take up the pavements, at such reasonable points as they

[Schenley *et ux. v.* The Commonwealth for The City of Allegheny.]

might indicate, for the purpose of examining them, and that the privilege was refused. The offer was overruled by the court, and this is assigned for error.

The offer appears to have been made for the purpose of showing an unwillingness on the part of the plaintiffs to have the value of the work done tested. But the value of the grading and paving was not in issue between the parties. The thing to be ascertained was the amount of costs and expenses. The evidence offered was, therefore, immaterial. Besides, the refusal of the street commissioner and street committee could not prejudice the city, unless it was shown that they had authority to bind the city in this matter.

An additional point was also propounded to the court. It was that the ordinance relied on in this case does not, in point of fact, assess any definite tax, or any tax at all; and that it was not competent for the councils to sub-delegate their powers of taxation under the Act of Assembly to the street commissioner.

This the court refused to affirm. We have not been shown how this affects the case. It was the Act of Assembly, not the ordinance, which charged the burden on the lots; and it was the Act of Assembly that directed the street commissioner to make out the assessment. It was not, therefore, required that the ordinance should assess any definite tax, or any tax, and there was no delegation by the councils of their power of taxation. It follows, that the court was not in error in refusing to charge as requested.

The judgment is affirmed.