GEORGE W. PUTNAM, Plaintiff in Error, v. ISAAC WALKER, Defendant in Error.

*Highways—Dedication.*—To constitute a dedication of a highway by the making of a plat, the plat must be acknowledged and recorded in the manner provided for town plats—R. C. 1855, p. 1535. To constitute a dedication by user, there must be an intention to dedicate on the part of the owner, with such acceptance or user by the public, for such a length of time, that the public accommodation or private rights would be materially affected by an interruption of the enjoyment, though for less than twenty years.

*Error to St. Louis Common Pleas Court.*

*Calvin & Martin,* for plaintiff in error.

*Glover & Shepley,* for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

The action was founded upon a supposed breach of covenant of title in a deed. The breach consisted in an alleged dedication of a portion of the land conveyed to public use as

Putnam v. Walker.

an alley. The plaintiff relied, first, upon a plat which accompanied a report of commissioners in partition, and, second, acts showing an intent to dedicate the ground to public use, with acceptance and user on the part of the public, as evidence of a dedication. The plat did not amount to a dedication under the statutes. It did not designate this alley by its precise length and width. It was not acknowledged in the manner of deeds, nor deposited with the recorder of the county, to be preserved as a part of the records of his office, in like manner with town plats—R. C. 1835, p. 599; Sess. Acts 1839, § 8 & 9.

Deeds may adopt a plat, and call for streets, in such manner as to show an intention to dedicate the land to public use—3 Kent. Com. 554; 19 Wend. 128. But the several conveyances of this land from Auguste Chouteau to the plaintiff contained no such adoption of this plat in respect of this alley; nor did they call for the alley, in any way. As to what effect the deed made to Hoffman, calling for an alley in the rear of the lot conveyed to him, might have between the parties thereto, we need not undertake to say: it did not amount to any such dedication as can affect the rights of the parties in this case.

Dedication may take place in three ways: under statutes, by immemorial usage, or by acts showing an intention to dedicate the ground to public use, together with an acceptance or user on the part of the public for such length of time that the public accommodation or private rights would be materially affected by an interruption of the enjoyment, though for less than twenty years—2 Greenl. Ev. § 662. There was no evidence before the jury on which they could have been warranted in finding a dedication in this way; and the instruction for defendant was properly given.

Judgment affirmed. The other judges concur.