IN THE MATTER OF THE PETITION OF DANIEL P. INGRAHAM, TO VACATE AN ASSESSMENT ON EIGHTY-EIGHTH AND NINETY-FIRST STREETS.

*Streets — dedication and acceptance — right to assess lots fronting on — rights of the corporation of New York in land dedicated for the uses of a street.*

In 1849 the petitioner conveyed certain lots, on the north side of Ninety-first street, as laid down on a map of the city of New York, reserving a right of way through said street, which had never been opened by the city, for the owners of other lots; the street was subsequently used by the general public as a highway for the passage of vehicles of various kinds, and for foot passengers; gas and water pipes were laid in it, and for several years it had been lighted with gas. *Held,* that these acts constituted a dedication of the land to the use of the public as a street, and an acceptance thereof by the public.

When a street is thus created, it necessarily becomes subject to the acknowledged power of the authorities to regulate, grade and improve it, and this right is necessarily accompanied by the further right to impose upon the adjoining land the expenses of such acts as may be done in the proper exercise of any of these powers.

APPEAL from an order made at Special Term, denying the application of the petitioner to vacate an assessment for a sewer on Eighty-eighth street and on Ninety-first street, in the city of New York.

The corporation laid a sewer in Ninety-first street, extending from Fourth to Second avenues. Another sewer was constructed

in Eighty-eighth street, between Second and Third avenues.   These two sewers were embraced in one contract; and a single assessment, embracing both sewers, was laid, covering all the property in the sewerage district within which the sewers were located.   The petitioner claims to vacate the assessment, on the ground that the corporation had no right to lay the sewer in said street, or to make an assessment therefor ; and also on the ground that, assuming they had the right to lay the sewers and make the assessment, they had no right to embrace the two sewers in one assessment, and to assess on the petitioner's property any portion of the expenses of the Eighty-eighth street sewer, which can, under no circumstances, be beneficial to it.   The court below denied the application, on the ground that there was a dedication.

*J. E. Burrill,* for the petitioner.   The assessment was invalid, because the corporation never acquired the title to the land forming Ninety-first street, through the center of which the sewer is laid, as there has been no dedication of the land to the corporation of the city of New York.   The fact that the petitioner, in making the conveyance to Fanshaw and others, bounded these premises by the middle of Ninety-first street, and in leaving the land unfenced, undoubtedly estopped the petitioner, and those deriving title from him, from closing the streets, and conferred on his grantees the right to have the street kept open for the purpose of passage ; but this did not make them public streets, nor confer a right on the corporation or any one to take the land, or to use it, except for the purpose of passage.   (*City of Oswego* v. *Oswego Canal Co.,* 6 N. Y., 262; *Underwood* v. *Stuyvesant,* 19 Johns., 186; *Fonda* v. *Borst,* 2 Keyes, 48 ; *Kelsey* v. *King,* 33 How. Pr., 39 ; *Livingston* v. *The Mayor,* 8 Wend., 99 ; *Badeau* v. *Mead,* 14 Barb., 338; *Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y., 67.)   Even if there had been such a dedication as claimed, still, until the corporation should acquire the title to the land, no one had a right to use it except for the purpose of passage, and the use for any other purpose was a trespass.   (*Kelsey* v. *King,* 33 How. Pr., 39.)   It is very clear that if the act of the corporation, in laying the sewer, was without right or authority, there was " substantial error " in levying the assessment within the act of 1858, as amended.   (*Matter of Sharp* 1 N. Y.

S. C. [T. & C], 127; *In re Babcock*, 23 How. Pr., 118; *In re Buhler*, 19 id., 317; *In re Beamis*, 17 id., 460.) The assessment was invalid, because the assessment upon the petitioner's land embraced the expenses of the sewer in Eighty-eighth street, which is wholly disconnected from the sewer in Ninety-first street.

*E. Delafield Smith* and *T. B. Clarkson*, for the respondent. The fact that the sewer was laid in private property is not a "fraud or substantial error" in the "proceedings relative to an assessment" for the cost of the sewer, for which alone the statute of 1858, as amended, affords relief. (12 Abb., 121, 124; 14 id., 53, Hay's case.) An omission or irregularity in one or more of these statutory steps "would be a legal irregularity within the act of 1858." (23 Abb., 118.) The facts proved show a dedication of the street by those owning the fee to the public use. The uses of it by the general public is an acceptance. And if that is not enough, the laying of water pipes in the street and lighting it with gas, is an acceptance by the authorities, a dedication and acceptance for *all the purposes for which* streets in New York are used. (*Holdane* v. *Trustees of Cold Spring*, 21 N. Y., 474; *Bissell* v. *N. Y. C. R. R.* 23 id., 61, 64, 65; 11 Wend., 486; 1 Hill, 189; 19 Wend., 128; 1 Hill, 191.)

BRADY, J. :

It appears that the petitioner and wife, by deed dated February 1, 1849, duly recorded, conveyed to Daniel Fanshaw eight lots of land, bounded north-easterly by the central lines of Ninetieth and Ninety-first streets, subject to a right of way over the portion of Ninety-first street thereby conveyed to G. Rollins, his heirs and assigns, to lots lying north-westerly of the premises. It also appears that Ninety-first street, between Third and Lexington avenues, has been used by the general public as a highway and thoroughfare for the passage of vehicles of various descriptions, horses and cattle and foot passengers; that dwelling-houses have been erected on the southerly side of said street; that several years ago, pipes for croton water were laid in the street; also, that pipes for gas have been laid, and that the street for several years has been lighted with gas. The petitioner alleges that the water and gas pipes were put

in, however, without his knowledge or consent; but this cannot change the legal effect of the facts stated. The map upon which Ninety-first street had been laid down, had been filed, and the petitioner was aware of that fact and the locality of the street, when the conveyance made by him was executed. This grant was bounded by the street, and that act was, according to the adjudications in this State, a dedication of the adjoining land in the cite of the street. It was an adoption of the map (*Matter of Thirty-second Street*, 19 Wend., 128; *Matter of Thirty-ninth Street*, 1 Hill, 191; *Wyman* v. *The Mayor*, 11 Wend., 487; *Post* v. *Pearsall*, 22 id., 425; *People* v. *the City of Brooklyn*, 48 Barb., 211); and an allowance for value to the owner of the grant on opening the street by proceedings therefor, would be improper. Nothing but nominal damages, because of the grant, could be given. (Id.) The principle applied in these cases is well established, and has been recognized in subsequent decisions. The street has not been opened, it is true, by any proceeding for that purpose under the statutes relating thereto, but the laying of croton pipes and gas pipes, and the use of gas to light the street, furnish unmistakable evidence of an intention on the part of the authorities to accept, adopt and use the street as laid out and dedicated, and this acceptance has been confirmed in the use of the street by the public generally and for many years as a highway. It is not necessary that there should be a formal act of acceptance or adoption of the street by the public authorities. It may be done by acts *in pais*. A common user under circumstances showing a clear intent to accept and enjoy it as such, is sufficient (*Holdane* v. *Trustees of the Village of Cold Spring*, 21 N. Y., 474; *Bissell* v. *N. Y. Central R. R. Co.*, 23 id., 64, 65; *In the Matter of Thirty-second Street, supra*, 434; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 412; *In the Matter of Thirty-ninth Street, supra;* Estate and Rights of the Corp., by Hoffman, vol. 1, pp. 342, 343); and this would be so, even if the street were not laid out by the authorities, but by the owners of the adjoining land. (Decisions *supra*.) The cases of *Underwood*, v. *Stuyvesant* (19 Johns., 186); *The City of Oswego* v. *The Oswego Canal Co.* ( 6 N. Y., 257), and *Fonda* v. *Borst* (2 Keyes, 48), on which the petitioner in part relied, all affirm the proposition, that no formal opening is necessary to establish a street, if it can be done inferentially by user. When it

is thus · established, the adjoining owners become subject to the same burdens in reference to improvements, which may be imposed when the street is opened by formal proceedings therefor. We were not referred on the argument to any case maintaining or asserting the opposite doctrine, and after diligent search none has been found. If a street may be established by dedication, adoption and user, it would seem to be unnecessary for the city, except for the purpose of acquiring the fee in the land in the street, to resort to proceedings under the act of 1813. When the street is created it becomes necessarily subject to the acknowledged power of the authorities to regulate, grade and improve it, and generally subject to their control ; and the right thus to treat it is necessarily accompanied by the further right to impose upon the adjoining land the expenses of such acts as may be done in the proper exercise of any of these powers. It may also be said in confirmation of these views, although it is not necessary herein so to decide, that the adoption of the street in the manner stated, leaves little doubt of the liability of the city for injuries which might be occasioned by its failure to discharge the duty of keeping it in proper condition for safe use at all times. The street having been thus opened and appropriated to the public by adoption and user, the petitioner's property became subject to the assessments for improvements to which lots on streets and highways opened by formal proceedings are exposed. If this be not so, then the doctrine of dedication is one of words only, and not of substance. If there be a street, it is at once subject to the dominion of the authorities. It follows, therefore, that unless there is some substantial error shown, rendering a different course necessary, the order made at Special Term must be affirmed.

It is also objected that two sewers were included in the contract, but it appears that they were built according to the plan adopted for sewerage in the district in which they were placed. This mode of procedure could be lawfully employed under the act of 1865 (Laws of 1865, chap. 381, § 5), and the expense of the whole assessed on the lots on each street in proportion to their frontage on each street, which was done here, each lot of twenty-five feet being assessed for the same amount. It also appears that the petitioner was not aggrieved by the assessment imposed. The answer

made by the authorities on that subject is as follows : The evidence introduced in opposition to the petition, shows the amounts of each of the various kinds of work done in each street, and the contract, and the contract-price therefor ; and the following calculation shows the cost of the work done in each street : Eighty-eighth street, between Second and Third avenues, 555 feet sewer, built at $5.25 = $2,913.75 ; 1,371 yards of rock blasted, at $4 = $5,484 = $8,397.75 ; Ninety-first street, between Second and Fourth avenues, 1,566 feet sewer built, at $5.25 = $8,221.50 ; 3,271 yards rock blasted, at $4 = $13,084 ; 720 yards rock removed without blast, at $5 = $3.600 = $24,905.50. This shows the cost of the sewer per foot, in Eighty-eighth street, to have been $15.13, while the cost of that in Ninety-first street was $15.90 per foot. The petitioner is therefore assessed less than he would have been if the sewer in Eighty-eighth street had not been included in the assessment. In other words, if there is any grievance, it is that property on Eighty-eighth street has been assessed for the sewer on Ninety-first street, not property on Ninety-first street assessed for the sewer in Eighty-eighth street, and the petitioner is not aggrieved, but benefited, by the joinder of the two sewers in one assessment. Instead of his being assessed for a sewer from which he receives no benefit, he is actually benefited by the Eighty-eighth street sewer being included in the same assessment with the Ninety-first street sewer ; and this answer seems to be conclusive, under section 1 of the act of 1858. (Laws 1858, p. 574.) The party aggrieved may apply. The petitioner appears to have been benefited by the union of the two assessments, and cannot complain therefore if his property be subject at all to the assessments.

The order made at Special Term must, for these reasons, be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed with ten dollars costs, besides disbursements.