## Van Auken et ux. v. Freed et ux.

*L. A. Gray*, for plaintiffs.
*Stewart Nase*, for defendants.

KNIGHT, P. J., April 8, 1942.—

1. Plaintiffs are the owners of certain premises situate on Columbia Avenue in a westerly direction from Franconia Avenue, in the Borough of Lansdale, Montgomery County, Pa., containing approximately five and one half acres, described in deed from Smith Estate to John S. Van Auken and Flora H. Van Auken, his wife, bearing date October 9, 1909, and recorded at Norristown in Deed Book 624, p. 106.

2. Defendants own premises adjoining those of plaintiffs, which defendants acquired on April 20, 1925,

by deed from Ernest E. Grosse, executor, said deed being recorded in Deed Book 949, p. 193. The said premises are described as follows:

"All Those Certain Four Lots or pieces of land situate in the Borough of Lansdale, formerly in the Township of Towamencin, in the County of Montgomery and State of Pennsylvania, being lots Nos. 17, 18, 19 and 20, and being more particularly bounded and described together as one according to a survey thereof made by Herbert H. Metz, C.E. on August 20th, 1920, as follows, to wit:

"Beginning at a point marking the intersection of the Northwest side of Franconia Avenue as laid out in the Borough of Lansdale thirty-three feet wide, with the Southwest side of Columbia Avenue, as laid out in the Borough of Lansdale forty-eight feet wide; thence extending along the Northwest side of said Franconia Avenue South forty-six degrees and forty-four minutes West one hundred and fifty feet to a point a corner of the Northeast side of a twenty feet wide alley; thence extending along the Northeast side of said twenty feet wide alley North forty-three degrees and five minutes West one hundred and eighty-two feet and eleven hundredths of a foot to a point a corner of land of Henry L. Freed; thence extending along said land of said Henry L. Freed North forty-six degrees and fifty-one minutes East one hundred and fifty feet to the Southwest side of Columbia Avenue aforesaid; thence extending along the Southwest side of said Columbia Avenue South forty-three degrees and five minutes East one hundred and eighty-one feet and forty-six hundredths of a foot to the place of Beginning. Bounded on the Northeast by Columbia Avenue, on the Southeast by Franconia Avenue, on the Southwest by said twenty feet wide alley, on the Northwest by land of Henry L. Freed. Said streets and alley being dedicated to public use forever."

3. The alley mentioned in the above description extends from Franconia Avenue, northwest 182.11 feet to the land of plaintiffs. Here it ends.

4. When Franconia Avenue was macadamized and curbed, the curbing allowed for the 20-foot alley; that is, an opening was allowed to remain where the alley joined Franconia Avenue.

5. A public utility company placed three poles along the alley, which are used to support electric service and telephone wires.

6. About the fall of 1938, the Borough of Lansdale placed stones on the bed of the alley, over which cinders were spread and rolled.

7. The alley was used at times by plaintiffs as a means of ingress to their homes, and also by their friends. It was likewise used by various tradespeople and delivery wagons and trucks.

8. Defendants, some time subsequent to October 22, 1940, placed a barrier across the alley, and in the spring of 1941 planted trees in the bed of the alley.

9. The alley was never opened by any action of the Borough of Lansdale, nor does it appear upon the plan of the public streets of the borough.

10. On October 22, 1940, the Town Council of the Borough of Lansdale enacted and the burgess approved of an ordinance which ordained in section 1:

"That a certain alley, twenty feet wide, located midway between Columbia Avenue on the Northeast and York Avenue on the Southwest and extending from Franconia Avenue, commonly known as Valley Forge Road, in a Northwesterly direction for a distance of one hundred seventy-five feet from the Northwest side of Franconia Avenue, be abandoned, vacated and forever hereafter closed to public use."

11. Plaintiffs and defendants do not have a common grantor.

12. The premises of plaintiffs front on Columbia Avenue, and the driveway to plaintiffs' garage enters

from Columbia Avenue, but there is no means of ingress and egress to plaintiffs' property otherwise than through the front and the alley in question.

## Discussion

If plaintiffs ever had any right to the use of the alley in question, it was by virtue of the deed described and quoted in finding of fact no. 2. There seems to be no doubt that by this deed the alley was dedicated to public use, and plaintiffs would have a right to use it as members of the public. Where an owner of land deeds a part of it and describes the property as bounded by a street which is also part of his land, but not on an official plan, he thereby dedicates the street. Not only the grantee, but the whole public, acquires an easement over the street as indicated in the deed: Schenley et ux. v. Commonwealth, for use, 36 Pa. 62; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194. The present case is stronger than the ones cited, for here we have the express declaration of the grantor: "said streets and alley being dedicated to public use forever."

In addition, here we have a plan, although it was never recorded. Defendants had notice of it, however, for they purchased their lots in accordance with it. This selling of the lot according to a plan was a dedication of the streets and alleys shown on the plan: O'Donnell v. Pittsburgh, 234 Pa. 401.

The mere dedication of a street to public use by the owner will not make it a public street unless it is accepted by the public: Commonwealth v. Shoemaker, supra, p. 203.

Where public user follows a dedication by the owner it requires a much less time to presume an acceptance by the public than where there has been mere user without dedication: Commonwealth v. Moorehead, 118 Pa. 344.

We have, therefore, to enquire if the alley had been accepted by the public. The evidence shows that it was

used by plaintiffs and others for a period of about ten years; that public utility companies had placed poles along it; and, most persuasive of all, that the Borough of Lansdale had actually worked upon it, by placing stones and cinders there. We find no difficulty in coming to the conclusion that the dedication of the alley was accepted by the public.

The alley having been dedicated by a former owner to public use, and accepted by the public, plaintiffs as members of the public had the right of user and defendants could not legally obstruct it, unless the ordinance of the Borough of Lansdale is a valid piece of legislation. This ordinance was passed under the authority vested in the borough by section 1601 of The General Borough Act of May 4, 1927, P. L. 519, which provides that boroughs may survey, lay out, open, widen, straighten, extend, or vacate streets, lanes, alleys, and courts or parts thereof, without petition of property owners. This section gives the borough wide authority in vacating alleys and amply supports the ordinance unless this authority is limited by section 1657 of the act.

Section 1657 provides that no alley, lane, or passageway shall be vacated in any case where the vacating deprives any lot abutting thereon of the sole means of ingress or egress, otherwise than to or from the front line thereof; nor where it was created by grant or contract, and not theretofore accepted by the public. In the present case, we have found that the alley was accepted by the public, but we have also found that plaintiffs' property abuts on the alley and that the alley is the only means of ingress and egress to the property otherwise than to and from the front line thereof.

It follows that if section 1657 applies to and limits section 1601, the borough exceeded its authority in passing the ordinance, and the ordinance is void.

The General Borough Act is a well-prepared and carefully-drawn piece of legislation, which revises,

amends, and consolidates the law relating to boroughs into a complete and comprehensive code. Article XVI pertains to the locating, opening, widening, extending, straightening, and vacating of streets. This article is divided into subdivisions, lettered from ($a$) to ($h$). Subdivision ($a$) consists of sections 1601 to 1607, inclusive, and provides for the opening or vacating of streets and alleys without petition. Subdivision ($b$), sections 1610 to 1615, inclusive, provides for the opening and vacating of streets and alleyways by petition of property owners. Subdivisions ($c$), ($d$), and ($e$) deal with various situations, having to do with the opening and vacating of streets and alleys. We then come to subdivision ($f$), which is captioned, "Vacation of lanes and alleys declared nuisances by Board of Health." This subdivision contains sections 1650 to 1657, inclusive, and provides a method of vacating alleys by proceedings in the court of quarter sessions, when said alleys have been declared nuisances by the board of health of the borough. We are of the opinion that section 1657 applies only to the vacation of alleys under subdivision ($f$).

It will be noted that each of the subdivisions of article XVI contains specific provisions as to the procedure to effect the purpose described in the caption of the subdivision. If it was the intention of the legislature to place a limitation on the authority of the borough to vacate an alley under section 1601, that limitation would be placed in subdivision ($a$).

It will also be noted that subdivision ($f$) does not contemplate any action by the borough council, but gives a right to property owners to proceed in the courts. The restriction of section 1657 was intended to apply to these cases, and not to put a limitation on the authority of the borough to vacate an alley.

If the limitation of section 1657 applies to sections 1601 and 1610, then it will emasculate, if not wholly destroy, these sections, so far as the vacation of alleys is concerned, for few indeed would be the instances in

which an alley could be found where there were other means of ingress and egress to the abutting properties otherwise than to or from the front line thereof. If the legislature intended to place this drastic restriction on the authority of the borough to vacate an alley, it would have placed it in subdivisions (*a*) and (*b*).

### Conclusions of law

1. The alley described in finding of fact no. 3 was dedicated to public use by deed described and recited in finding of fact no. 2.

2. The said alley was accepted by the public.

3. The said alley was legally vacated by ordinance of the Borough of Lansdale. (See finding of fact no. 10.)

4. The bill should be dismissed.

5. Plaintiffs should pay the costs.

### Decree nisi

And now, April 8, 1942, it is ordered, adjudged, and decreed, that the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of the case, and enter the following decree nisi:

1. The bill is dismissed;

2. Plaintiffs to pay the costs;

Notice to be given by the prothonotary, as required by the rules of equity practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi will become the final decree as of course.

### Opinion sur exceptions

KNIGHT, P. J., May 27, 1942.—Plaintiffs have filed three exceptions to the adjudication. As the chancellor has found the facts, and as none of these findings is complained of, it is unnecessary to restate the facts again. The questions of law raised by the exceptions can be thus stated:

1. Could the Borough of Lansdale vacate, by ordinance, an alley which was not opened by ordinance, or which was not on the borough plan?

2. Does the limitation found in subdivision (*f*) of article XVI, sec. 1657, of The General Borough Act of May 4, 1927, P. L. 519, apply to the present case?

Counsel for plaintiffs argued before the court en banc, and in his brief, that a borough, under the act, can only vacate such alleys as have been adopted as such by the borough, and that the only method of adopting an alley is by opening it by ordinance and placing it upon the borough plan.

If, by adopting an alley, counsel means the acceptance of it by the public and the recognizing by the borough of the alley as a public thoroughfare, then we agree with him, and in the present case we have found that there was an acceptance of the dedication of this alley by the public and by the borough.

We cannot agree, however, that the only way in which a borough may adopt or accept an alley is by ordinance and putting it on the borough plan.

Section 1601 of The General Borough Act gives the borough council wide powers in reference to opening and vacating streets and alleys, but it does not follow that the streets and alleys opened by virtue of this section are the only public streets and alleys in the borough, and certainly the act contemplates that a borough, through its council, should have jurisdiction over its public highways.

Section 1607 of the Act provides that any street, lane, or alley opened by virtue of section 1601 "or opened by agreement of parties" is a public highway. This recognizes that public streets and alleys may be opened in a borough without ordinance.

It is a matter of common knowledge that in many boroughs there are streets and alleys which have never been laid out or opened by ordinance, for the simple reason that they existed as public thoroughfares before the incorporation of the municipality.

We also find no merit in the contention that a street or alley is not a public highway and hence cannot be

vacated by council if it is not shown as a street or alley on the borough plan. True, section 1660 of The General Borough Act directs that every borough shall have a general plan of its streets and alleys, but it does not follow that an alley is not a public highway because it does not appear on the general plan. Counsel for plaintiffs would hesitate to argue that if a borough ignored section 1660 entirely it would have no public streets or alleys and would have no responsibility in the matter of maintenance of its thoroughfares. There is nothing in The General Borough Act which requires or even indicates that a street or alley must be placed on the general plan before it may become a public thoroughfare.

Counsel for plaintiffs has cited Adair v. City of Philadelphia et al., 24 Dist. R. 276.

All that that case decides is that a road cannot be vacated by implication. With this law we agree. There is a statement in the opinion that the board of surveyors of the City of Philadelphia had no authority to vacate a street not on the city plan. This was purely dictum. Judge Patterson says in the opinion, p. 280:

"It has even been doubted by some very well informed experts on municipal law whether councils have the power to vacate streets not on the city plan."

Judge Patterson does not hold that the city councils do not have such power. This is slim authority indeed in support of plaintiffs' contention.

In discussing the second question propounded above, we do not care to add to what the chancellor has said in the adjudication. In concluding his brief, counsel for plaintiffs says: "Your Honors will ask yourselves the question: Why did the borough meddle with this alley?" We have nothing to do with this question. It is not ours to pass upon the wisdom or lack of wisdom of municipal legislation. If the ordinance is valid, and we hold that it is, we are not concerned with the reasons or motives that may have prompted the duly-elected representa-

tives of the people of the Borough of Lansdale to enact it.

And now, May 27, 1942, the exceptions are dismissed.