———o———

BESCHER v. THE STATE.

CRIMINAL LAW.—*Once in Jeopardy.*—A criminal cause was submitted to the court for trial, and the judge, after hearing the evidence, took the case under advisement on the 16th of December, but, without a finding, died on the 28th of April following.

*Held*, that this did not work a discharge of the defendant.

SAME.—*Liquor Law.*—*Evidence.*—*Sale.*—*Barter.*—On the trial of an indictment for retailing intoxicating liquor without a license, it appeared in evidence that the defendant, being indebted to a certain person for work done,

such person received the liquor in question upon the account for said work, there having been no agreement that he should work for liquor.

*Held*, that this evidence justified a finding that the transaction was a sale, and not a barter.

APPEAL from the Wayne Criminal Court.

GREGORY, C. J.—The appellant was indicted in the court below for retailing intoxicating liquors without a license. He pleaded not guilty, and by agreement the cause was submitted to the court for trial. The court heard the evidence and took the case under advisement, and before finding, the judge died. The defendant was again put upon trial and convicted. The proceeding before the deceased judge was relied on in defense. The case was under advisement from the 16th of December, 1868, until the death of the judge, which occurred on the 28th of April following.

It is claimed, that by this proceeding the defendant was "put in jeopardy."

This court has held, that the discharge of the jury for good cause, after the issue had been submitted to them, will not work a discharge of the defendant in a criminal case. *The State* v. *Walker*, 26 Ind. 346; *Shaffer* v. *The State*, 27 Ind. 131.

It is admitted by counsel, that the death of the judge *soon after* the submission would not have worked a discharge of the defendant, but is claimed, that the judge abused his power to hold a case under advisement, and thereby put the defendant in jeopardy. It seems to us that this conclusion does not follow. The case was pending at the time of the death of the judge; the defendant would have had the benefit of his finding but for the act of God. In the case of a discharged jury without good cause, the defendant is deprived of an important right by the wrongful act of the court. In such a case, it seems right to place the defendant in the best condition he could have been in had the jury not been so discharged.

It is claimed, that the evidence does not sustain the find-

ing, and that therefore the court below erred in overruling a motion for a new trial.

Kelley, to whom the sale was made, in his examination in chief, after stating the purchase, said, "I did some work for him and took it on that account." In the cross-examination, the witness said, "I know it was charged against me on the book. I think the account was kept on a slate. I did not pay any money for the liquor. I can't say whether we had a settlement or not. I made up a bill of my charges, and when I thought I had taken up that amount, I quit." It is claimed that this was a barter, and not a sale. If the former, the proof does not sustain the charge in the indictment. It is clear to our minds, under this proof, that the court could well find it a sale. There was no agreement that the witness was to work for liquor, but there was an indebtedness from the defendant to the witness which was paid by the sale.

Judgment affirmed, with costs.

*J. H. Popp* and *W. A. Peelle*, for appellant.

*D. E. Williamson*, Attorney General, for the State.