THE UNIVERSAL TRUST COMPANY, Plaintiff, v. FRANK BOEHANSKI, ANNA BOEHANSKI and JOHN ALLEN, Defendants.

(County Court, Schenectady County, January, 1912.)

Building and loan associations — Loans and mortgages — Provisions of mortgage — Foreclosure — Terms and conditions of bond and mortgage.

The bond accompanying a duly recorded building and loan association mortgage given to plaintiff provided for the payment of thirty dollars monthly, consisting of fifteen dollars for interest, seven and one-half dollars for premium and seven and one-half dollars upon shares of stock in the association held by the mortgagor, and contained an agreement on the part of the plaintiff to pay the interest on a prior mortgage and to pay and cancel it of record upon maturity of said shares of stock. The monthly payments as made by the mortgagor for three years were entered in a pass-book issued to him by plaintiff and which remained in the mortgagor's possession until by a quitclaim deed duly recorded but which made no mention of the mortgages he conveyed the premises, and the monthly payments made by his grantee, who was not a member of the association, were likewise entered in said pass-book and the plaintiff in the absence of direction by said grantee applied the payments as provided in the bond. In an action to foreclose the mortgage, the grantee of the premises claimed that the monthly payments made by her should have been applied only upon the principal and interest. Held:

That she was chargeable with constructive notice of the terms and conditions of the mortgage and also of the bond which was made a part of the mortgage as effectually as if it were incorporated therein.

That the payments made by her together with her acts and the acts of plaintiff in connection therewith warrant the conclusion that she had actual knowledge of the terms and conditions of both the bond and the mortgage.

That under her quitclaim deed the grantee took the premises subject to incumbrances and acquired nothing more than a mere equity of redemption, and the fact that she was not a member of said association at the time of or after the transfer did not affect the situation.

That plaintiff was not bound to take notice of the transfer by the quitclaim deed but had the right to rely upon its mortgage and to require the performance of the agreement therein contained,

and upon default to enforce its lien irrespective of any subsequent act of the mortgagor.

That the plaintiff properly applied the payments made by the grantee who was only liable to the extent of her interest in the land and no judgment for deficiency could be docketed against her.

Action to foreclose a building and loan association mortgage.

Van Voast & Collamer, for plaintiff.

John H. Paynter, for defendant Anna Boehanski.

Whitmyer, J. The defendant Frank Boehanski, on March 17, 1900, applied to plaintiff for membership in its association and subscribed for thirty installment shares of class E of its stock, of the maturity value of $100 each, agreeing among other things to pay or cause to be paid thereon monthly dues of $7.50 and to abide by its articles of association and by-laws or any amendments thereto. His application was granted, and a certificate for the said shares was issued to him upon the agreement stated in the application. At the same time he applied for a loan of $3,000. This was made and accepted upon the divided mortgage plan. As security, he assigned the said shares of stock to plaintiff and gave the two mortgages herein sought to be foreclosed, aggregating $3,000, upon the property described in the complaint. The former of these was given to one Andrew Linn, who afterward assigned it to secure the payment of the sum of $2,400 in five years from its date, with interest at the rate of six per cent. per annum, payable semi-annually. The latter, for $600, was given to plaintiff, subject, however, to the former one of $2,400, which plaintiff, among other things, agreed to pay and have canceled of record upon the maturity of said shares of stock and upon the surrender of same by said mortgagor to said mortgagee. This mortgage, in terms, made the bond accompanying it a part of it as effectually as if set forth therein at length. It contained a proviso that, if the mortgagor should pay the sums

of money mentioned in the condition of said bond, then the estate granted by it should cease, determine and be void, and also contained an agreement that, after one month's default in any of the payments provided for by or of any condition of said accompanying bond or of said mortgage, the whole of the principal of said mortgage or the balance thereof remaining unpaid, together with all arrearages of interest and premiums and all fines and such other sums as might be due under the articles of association and by-laws of said mortgagee, or any amendments thereto, should be payable thereon.

The bond accompanying it provided for the payment of thirty dollars monthly, consisting of fifteen dollars interest, seven dollars and fifty cents premium and seven dollars and fifty cents dues upon the said shares of stock and, among other things, contained an agreement on the part of plaintiff to pay when due the interest on the prior mortgage and to pay off and cancel the same of record upon the maturity of said shares. Both mortgages were duly recorded May 11, 1900, the former a short time in advance of the latter. The defendant Frank Boehanski made the monthly payments of thirty dollars, required by the bond, until March 10, 1903. They were entered, when made, in a pass-book, which was issued to him by plaintiff and which remained in his possession. On March 10, 1903, he conveyed the property described in the said mortgages of the defendant Anna Boehanski by a quitclaim deed which was duly recorded March 11, 1903. The mortgages were not referred to in the deed. From this time on and until October 11, 1909, defendant Anna Boehanski made the monthly payments to plaintiff; and they were likewise entered in the said pass-book, which came into and remained in her possession from the time of the conveyance to her. She was not a member of plaintiff's association and did not give any direction as to how the payments should be applied. Plaintiff applied seven dollars and fifty cents of each monthly payment to " Monthly Installments " and twenty-two dollars and fifty cents to " Interest and Premium " and made entries to that effect in the pass-book, which was returned

to defendant Anna Boehanski after each payment. She now claims that the payments from March 10, 1903, should have been applied upon the principal and interest only of the mortgage debt.

The mortgage to plaintiff was subject to a prior one of $2,400, which plaintiff agreed to pay and have canceled of record upon the maturity of the shares of stock which the mortgagor had in plaintiff's association and upon the surrender of same. It did not in terms specify how the payments or what payments were to be made, but showed on its face that it was a building mutual loan and accumulating fund association mortgage and that such payments consisted or were to consist of interest, premiums and dues and were to be made as required by the accompanying bond, which was made a part of the mortgage as effectually as if set forth therein at length. Although the deed to Anna Boehanski did not refer to plaintiff's bond and mortgage in any way, yet the mortgage was duly recorded at the time of the delivery of the deed, so that the said grantee is chargeable with and must be deemed to have had notice or knowledge of its terms and conditions, as well as of those of the accompanying bond, which was a part of it. Real Prop. Law (Consol. Laws, chap. 50), § 291; Tiedeman Real Prop., § 338; Peck v. Mallams, 10 N. Y. 507, 518. And the payments made by her after the transfer, together with her acts and the acts of plaintiff in connection with such payments, warrant the conclusion that she had actual knowledge of such terms and conditions. The conveyance was by quitclaim deed and, although it did not refer to the incumbrances on the property in any way, the grantee took it subject to such incumbrances. Frank Boehanski could not convey and Anna Boehanski could not acquire any greater estate than the former had at the time of the transfer. He was the vendor and she was the purchaser of and has acquired nothing more than a mere equity of redemption. Real Prop. Law (Cons. Laws, chap. 50), § 245; Sage v. Cortwright, 9 N. Y. 49; Peck v. Mallams, 10 id. 507, 519; Sparrow v. Kingsman, 1 id. 242, 247; Kritz v. Peck, 113 id. 222, 229. The conveyance did not in any way

alter or vary the terms and conditions of the bond and mortgage and did not change the contractual relation which existed between plaintiff and Frank Boehanski. Plaintiff was not a party to it and could not be affected by it. After it was made, the property described in it still remained primarily liable for the mortgage debt; and Anna Boehanski, by accepting it, became and was liable for the payment of such debt, not personally, but to the extent of her interest in the property. Thomp. Building Assns. 421; Tennis v. Crawford, 2 Den. 595; Brewer v. Staples, 3 Sandf. Ch. 595; Peoples Savings Bank, etc. v. Collins, 27 Conn. 142. That she did not become a member of plaintiff's association at the time of or after the transfer does not affect the situation in any way. Plaintiff was not bound to take notice of the transfer, but had the right to rely upon its security, and to require the performance of the agreement therein set forth, and, upon default, to enforce the lien thereby given to it, irrespective of any subsequent act on the part of Frank Boehanski. Deitch v. Staub, 115 Fed. Rep. 309; Miller v. Wayne Building & Loan Association, 32 Ind. 480. And the lien could not be enforced until such default, regardless of the source of the payments. On the other hand, the defendant Anna Boehanski, with knowledge of the terms and conditions of plaintiff's bond and mortgage, made the monthly payments required thereby for a period of something more than six years after the transfer to her; and plaintiff, during this time, applied such payments in accordance with the provisions of the same, without objection on the part of the former, so that she is estopped and cannot now be heard to complain. For these reasons, it seems to me that the payments were properly applied. Of course, she is liable only to the extent of her interest in the land, and there can be no judgment for deficiency against her.

Judgment accordingly.